# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3256

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    Northern District of Iowa.
Kelly Bryan Malloy,          *
                             *    [UNPUBLISHED]
            Appellant.       *

_____

Submitted:  May 14, 2009
     Filed:  September 1, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Kelly B. Malloy violated the terms of his supervised release, the district court[1] sentenced him to 28 months' imprisonment, followed by 8 months' supervised release. Malloy appeals, arguing that the district court committed procedural error by failing to consider adequately the factors listed in 18 U.S.C. § 3553(a) and by relying on a supervised release violation that was not proven. He also contends that the court imposed a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

In June 2003, Malloy pled guilty to conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The court sentenced him to 24 months' imprisonment, followed by 4 years' supervised release. Malloy was released from prison in December 2004 and began serving his term of supervised release. A standard condition of his supervised release was that he not use controlled substances. In February 2005, however, Malloy admitted to using methamphetamine. The United States Probation Office advised the court of the violation, but no further action was taken.

In June 2006, the Probation Office petitioned the court to revoke Malloy's supervised release, alleging that he tested positive for cocaine and admitted to using methamphetamine, among other violations. The court held a revocation hearing in July 2006, at which Malloy did not dispute the violations alleged in the petition. The court modified the terms of Malloy's release to include placement in a community corrections facility for up to 6 months, but did not revoke his supervised release.

In October 2006, the Probation Office petitioned the court a second time to revoke Malloy's supervised release. The petition alleged that he failed to obey orders at the corrections facility. Following a second revocation hearing, the court again modified the conditions of Malloy's supervised release, ordering that he serve 97 days in the community corrections facility and submit to electronic monitoring. The court did not revoke his supervised release.

In August 2008, Malloy was arrested by the Sioux City Police Department and charged with public intoxication and failure to obey a peace officer. The Probation Office filed a third petition to revoke his supervised release, advising the court of the new law violation and further noting that Malloy tested positive for methamphetamine on three occasions. The court held a third revocation hearing in September 2008. At

the hearing, Malloy admitted that he used methamphetamine three times, but denied committing the new law violation. The government elected not to present evidence on the new law violation, choosing instead to proceed solely on the controlled substance violations. After concluding that the new law violation had not been proven, the court stated, it "goes out the window as far as I'm concerned." The court then confirmed that Malloy admitted to testing positive for methamphetamine on three occasions.

After calculating an advisory guideline range of 5 to 11 months' imprisonment under USSG § 7B1.4(a), the court heard argument from counsel and testimony from Malloy. The government recommended a sentence of 18 months' imprisonment, and Malloy asked the court for another chance to complete his term of supervised release. The court then revoked Malloy's release and sentenced him to 28 months' imprisonment, followed by 8 months' supervised release. The court explained that it had considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and selected a sentence based on Malloy's recidivist behavior and his need for drug treatment in prison. Malloy appeals.

## II.

Malloy first contends that the court committed procedural error by failing to consider properly the statutory sentencing factors set forth in § 3553(a). Specifically, he argues that the court should have considered and given substantial weight to Malloy's desire to rehabilitate himself. Malloy did not object at sentencing on this basis, so we review his claim for plain error. *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008).

Although the district court is required to consider certain § 3553(a) factors in revoking a term of supervised release, *see* 18 U.S.C. § 3583(c), "there is no requirement that the court make specific findings relating to each of the factors

considered." *United States v. Franklin*, 397 F.3d 604, 606 (8th Cir. 2005) (internal quotation omitted). All that is required to satisfy the appellate court is evidence that the court was aware of the relevant factors and articulated a basis for its decision. *Perkins*, 526 F.3d at 1110; *United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

Here, the record shows that the district court considered the § 3553(a) factors. The court acknowledged the recommended range of 5 to 11 months' imprisonment under USSG § 7B1.4(a), but explained that a higher sentence was warranted in light of Malloy's "history and characteristics" and need for drug treatment in prison. 18 U.S.C. § 3553(a)(1), (a)(2)(D). The court stressed that Malloy was a "recidivist violator" of the terms of his supervised release, and that he had not been able to "conform his conduct to the requirements of the law" despite receiving "multiple chances" to overcome his addiction. The court also stated that it selected the sentence after consulting with the probation office regarding how to enroll Malloy in the 500-hour residential drug treatment program in prison. Thus, contrary to Malloy's assertions, the district court considered the § 3553(a) factors. That the court did not specifically address one of Malloy's arguments for leniency is not plain error. *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008).

Malloy next argues that the court relied on the new law violation, *i.e.*, his state charges for public intoxication and failure to obey a peace officer, to justify his sentence, even though the violation was not proven by a preponderance of the evidence. Reviewing for plain error, we see no merit to Malloy's contention.

The transcript of the revocation hearing and the judgment make clear that the court did not base its decision to revoke Malloy's supervised release on the new law violation. After the government informed the court that it was proceeding solely on the controlled substance violations, the court specifically found that the new law violation "ha[d] not been proven." The court noted that Malloy was "entitled to the full benefit of the presumption of innocence" on those charges, and that the violation

went "out the window as far as [the court] was concerned." Notwithstanding these statements, Malloy argues that the court relied on the new law violation, because it indicated later during the hearing that Malloy "violated the law" and "repeatedly violated [the] terms of [his] supervised release." These statements, however, clearly referred to Malloy's repeated drug violations, not to his arrest for public intoxication and failure to obey a peace officer. The comments arose in the context of the court explaining that Malloy was addicted to methamphetamine, that he had not been able to overcome his addiction despite receiving "multiple chances," and that he needed drug treatment. Moreover, the judgment indicates that Malloy violated only the "standard condition" of his release by using illegal drugs, not the "mandatory condition" by committing a new law violation. Accordingly, the record shows that the court did not rely on the new law violation in revoking Malloy's release.

Finally, Malloy argues that the district court imposed a substantively unreasonable sentence. He says that the court exceeded the range recommended by USSG § 7B1.4(a), and that a "sentence of 28 months is outside the choices dictated by the facts of this case." Where, as here, a sentence is within the bounds of 18 U.S.C. § 3583(e), we will not disturb it absent an abuse of discretion. *Perkins*, 526 F.3d at 1110. In reviewing the substantive reasonableness of a revocation sentence, we apply the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *Id.*; *United States v. Cotton*, 388 F.3d 913, 916 (8th Cir. 2005); *see United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The court did not abuse its discretion in sentencing Malloy to 28 months' imprisonment and 8 months' supervised release. The sentence was based on the court's consideration of relevant factors under § 3553(a), including Malloy's recidivist behavior and his need for drug treatment in prison. *See United States v. Merrival*, 521 F.3d 889, 891 (8th Cir. 2008). Although the sentence is greater than the advisory guideline range in § 7B1.4(a), that section sets forth only nonbinding policy statements and sentencing recommendations. *United States v. White Face*, 383 F.3d

-5-

733, 738 (8th Cir. 2004). Here, the court considered the suggested range but decided that it was insufficient in light of the relevant statutory sentencing factors in § 3553(a). This was not an abuse of discretion.

The judgment of the district court is affirmed.

_____