# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3795

_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             *   Appeal from the United States
      v.                                      *   District Court for the
                                             *   Northern District of Iowa.
Josiah Williams,                              *
                                             *
              Appellant.                      *

_____

Submitted: September 23, 2010
Filed: November 16, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Josiah Malachi Israel Williams of one count of distributing, and aiding and abetting the distribution of, crack cocaine within 1,000 feet of a school. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860; 18 U.S.C. § 2. On appeal, this court affirmed. ***United States v. Williams***, 486 F.3d 377 (8th Cir. 2007). The Supreme Court, 552 U.S. 1091 (2008), vacated the judgment and remanded for reconsideration in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). On remand, this court affirmed the conviction, but remanded for resentencing. ***United States v. Williams***, 557 F.3d 556 (8th Cir. 2009). After initially sentencing Williams to 168 months of

imprisonment, the district court[1] resentenced him to 140 months. Williams now appeals the new sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Williams was convicted of distribution of crack cocaine and aiding and abetting the distribution of crack cocaine within 1,000 feet of a school.[2] He was originally sentenced to a within-range sentence of 168 months in September 2006. His final adjusted offense level was 30 and criminal history category was VI, resulting in an advisory guidelines range of 168-210 months of imprisonment. The district court stated that it had considered all the factors in 18 U.S.C. § 3553(a), and declined to vary from the guidelines based on the crack/powder cocaine sentencing ratio and an alleged sentencing disparity with Williams's accomplice Lamarr Parks. The court also stated that it reviewed the Presentence Investigation Reports of Parks and Maurice Malone, who were both convicted for their roles in the same drug transaction. The court found that Williams and the related defendants were not similarly situated because of differing criminal records and differing amounts of crack at issue in the three cases.

After this court affirmed, the Supreme Court vacated judgment and remanded for reconsideration in light of *Kimbrough*. On remand, this court affirmed the conviction, but remanded to the district court for resentencing. ***United States v. Williams***, 557 F.3d 556 (8th Cir. 2009).

---

[1]The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

[2]For the underlying facts of Williams's offense conduct, see ***United States v. Williams***, 557 F.3d 556 (8th Cir. 2009).

Before sentencing, Williams moved to have the case reassigned from Chief Judge Linda R. Reade to Judge Mark W. Bennett, who had sentenced related defendants Malone and Parks, and for disclosure of Parks's Pre-Sentence Investigation Report ("PSR"). Chief Judge Reade denied both motions.

At resentencing, the district court determined a final offense level of 28,[3] with a criminal history category of VI, resulting in an advisory guidelines range of 140-175 months of imprisonment. Williams moved for a variance from the guidelines range based on the crack-to-powder cocaine ratio and to avoid unwarranted disparity with the sentences of his accomplices. Williams also asked the court to consider post-sentencing rehabilitation in determining a sentence.

The district court declined to vary from the guidelines range, and supplemented the record from the original sentencing hearing with a lengthy analysis of the sentencing factors found in 18 U.S.C. § 3553(a). The court acknowledged the discretion of district courts to vary from the advisory guidelines. The court noted that it had considered Williams's personal history, including his extensive criminal history of convictions and adjudications for drug-related offenses and violence. The court distinguished Williams from the other defendants sentenced by Judge Bennett, observing that unlike Parks and Malone, Williams "not only went to trial, but he lied at trial." The court found that Williams's history of criminality and drug use since his teens presented a high risk of recidivism, which affects sentencing. *See* 18 U.S.C. § 3553(a)(2)(C) (requiring courts to consider the need for the sentence imposed "to protect the public from further crimes of the defendant"). Finally, the court noted that "even if I considered his post-offense rehabilitation or conduct in the institution, my sentence would not change or be any different."

---

[3] The lower offense level on resentencing was due to intervening Guideline Amendment 706, which reduced the base offense levels for crack cocaine.

The district court resentenced Williams to a 140-month term. This appeal followed.

## II.

Williams challenges the district court's denial of (1) his motion to transfer the case to the Judge Bennett, and (2) his motion to view the PSR and resentencing transcript of Lamarr Parks.

## A.

A district court's denial of a motion to transfer the case to another judge is reviewed for abuse of discretion. *See Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc) (motion for recusal of judge); *United States v. Maynie*, 257 F.3d 908, 915 (8th Cir. 2001) (motion to transfer venue to another district). Williams argues that Chief Judge Reade abused her discretion in declining to transfer his case to Judge Bennett for resentencing, citing judicial efficiency and the need to avoid unwarranted sentencing disparities with his accomplices. According to Williams, the differing sentencing philosophies of the two judges regarding the crack/powder sentencing ratio placed Chief Judge Reade in the difficult position of "following her sentencing philosophy and creating unwarranted sentencing disparity between Mr. Williams and Mr. Parks based on the vagaries of which judge the cases were originally assigned to or deviating from that sentencing philosophy in this case to avoid unwarranted sentencing disparity."

This court recognizes "the virtue of having the members of a criminal conspiracy sentenced, when possible, by the same district judge." *United States v. Lazenby*, 439 F.3d 928, 934 (8th Cir. 2006). On the other hand, "[p]erfect parity among the sentences imposed on the various members of a criminal conspiracy is no doubt impossible to achieve, given the complexity of the task." *Id.* A defendant is

entitled to be sentenced by a competent judge familiar with the case, but "beyond this litigants subject to the authority of the district court do not normally have any say as to the particular judge who acts for the court." *United States v. Colon-Munoz*, 292 F.3d 18, 22 (1st Cir. 2002); *see also* *Hvass v. Graven*, 257 F.2d 1, 5 (8th Cir. 1958) (noting that "a litigant has no vested right to have his case tried before any particular judge").

The timing of Williams's motion supports the government's argument that his motion for reassignment was judge-shopping, rather than reflecting concerns about judicial economy and the need to spare judges from compromising their philosophy of sentencing. The judicial economy argument actually cuts *against* Williams. Chief Judge Reade presided over his trial and originally sentenced him, making her the judge more familiar with the facts of Williams's case and his personal history and characteristics, including the claimed post-sentencing rehabilitation. Further, Williams sought reassignment to Judge Bennett only after remand from this court, not before his trial or original sentencing. Knowing that Judge Bennett granted Parks a downward variance to the mandatory minimum based on the crack/powder ratio, Williams understandably sought reassignment after Chief Judge Reade declined to vary downward at the original sentencing.

A motion to change judges is properly denied when it is "essentially a 'judge shopping' attempt" to have a case reassigned to another judge "in the hopes of obtaining a more favorable result." *See United States v. Urben-Potratz*, 470 F.3d 740, 745 (8th Cir. 2006); *see generally* *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988) (28 U.S.C. § 455(a), the federal recusal statute, emphatically "does not provide a vehicle for parties to shop among judges"). A district court's sentencing philosophy cannot form the basis for reassignment to another judge. The district court did not abuse its discretion in denying Williams's motion to transfer the case.

B.

Williams argues that the district court abused its discretion in denying his motion for access to the PSR and the sentencing transcript of Lamarr Parks. Williams claims he needed these materials in order to compare sentences to show disparity under 18 U.S.C. § 3553(a)(6). The district court denied his motion, ruling that disclosure was "not necessary."

A district court's decision whether to provide access to a PSR is reviewed for abuse of discretion. *See United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008); *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir. 1985). While Fed. R. Crim. P. 32 mandates the disclosure of the PSR to the defendant, it does not address disclosure to a third party. There must be "some showing of special need" before a district court releases a PSR to a third party. *Spotted Elk*, 548 F.3d at 672 (8th Cir. 2008); *see also United States v. Jewell*, 614 F.3d 911, 921-22 (8th Cir. 2010) (describing this court's "special need" standard as similar to the Second Circuit's requirement of "a threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere.") (citing *United States v. Molina*, 356 F.3d 269, 274-75 (2d Cir. 2004)).

PSRs contain sensitive information, and "are generally treated as confidential." *United States v. Shafer*, 608 F.3d 1056, 1066 (8th Cir. 2010). After a showing of special need, the district court should conduct an *in camera* review of the requested report, and then disclose exculpatory or impeachment material as appropriate. *See id.*; *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009) (holding that the district court abused its discretion in failing to carry out a review after defendant sought access to a co-conspirator's PSR, and the government recognized the possibility that the PSR contained *Brady* material and requested *in camera* review).

Williams argues that without access to Parks's PSR and sentencing transcript, he was handicapped in seeking a variance that could have prevented an unwarranted sentencing disparity between Parks and himself. *See* 18 U.S.C. § 3553(a)(6) (requiring sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."). To properly compare himself to Parks and determine whether they have "similar records" and are guilty of "similar conduct," Williams argues that he should have access to the primary document used by Judge Bennett in fashioning Parks's sentence.

*Spotted Elk* is instructive. There, a defendant sought access to the PSRs and sentencing transcripts of previously sentenced co-defendants, in order to compare sentences to show disparity under 18 U.S.C. § 3553(a)(6). **Spotted Elk**, 548 F.3d at 671-72. This court affirmed the district court's denials, finding no "special need" because publicly available documents gave the defendant access to the information needed to prepare for sentencing. **Id.** at 672. As to the sentencing transcripts, this court noted that "it is not unreasonable to require a third party desiring information about a defendant's sentencing proceedings to attend the sentencing hearings." **Id.**

Here, not all of the information Williams sought was publicly available (though much was). The government's sentencing memorandum and supplement, Parks's sentencing memorandum, the district court's minute entry of the sentencing, and Parks's judgment—all publicly available—discussed much of Parks's offense conduct, criminal history, and guidelines calculation. In addition, Williams had access to and filed with the district court the minutes from Parks's resentencing hearing, which showed Parks's final adjusted offense level of 28, criminal history category I, and an advisory sentencing range of 78-97 months. Williams also had access to and filed with the district court Parks's motion for a variance based on the crack/powder ratio—the reason Williams's and Parks's cases were remanded. However, a full elaboration of Parks's offense conduct, criminal history, and personal characteristics

are present only in his PSR. Even if Williams's counsel had attended the Parks sentencing, there is no guarantee this would have given them all of the information in the PSR.[4]

The fact that a defendant is one member of a criminal conspiracy, or shares common offense conduct with another defendant, does not automatically create a "special need" to release a PSR in order to allow disparity arguments under 18 U.S.C. § 3553(a)(6). Because ready disclosure of third parties' PSRs would likely inhibit the flow of information to the sentencing judge, the preferred approach is for a case-by-case focus on whether the particular defendant has demonstrated a good faith belief that another's PSR contains exculpatory or impeachment material not available elsewhere (or other favorable evidence material to guilt or punishment)—a "special need." *See Shafer*, 608 F.3d at 1066.

At Williams's original sentencing, Chief Judge Reade indicated that she had looked at the other defendants' PSRs. *See* Sent. Tr. 35 ("I asked Mr. Huss [the Probation Officer] to go back and pull for me the presentence reports of Lamarr Parks and Maurice Malone."). Chief Judge Reade reasoned, "There really isn't any way to compare this defendant [Williams] with those two defendants," and observed that "[t]hey were involved in other drug transactions that Mr. Williams was not involved in" and "their criminal histories were different." At Williams's resentencing, the district court also contrasted the records and personal histories of Williams and his co-conspirators.

Moreover, given the procedural posture of Parks's case, Judge Bennett varied from the advisory guidelines range based on his policy disagreement with the crack/powder ratio. Parks's original within-range sentence of 97 months' imprisonment, like Williams's, was vacated and remanded in light of *Kimbrough v.*

---

[4] No transcript was made of Parks's resentencing.

*United States*. In *Kimbrough*, the Supreme Court held that a district court may consider as a sentencing factor the disparity created by the 100-to-1 crack/powder cocaine sentencing ratio in the sentencing guidelines. **Kimbrough**, 552 U.S. at 108-10. On remand, Judge Bennett varied downward and resentenced Parks to the mandatory minimum of 60 months of imprisonment.

Given this history, Williams has not made a showing of special need for Parks's PSR or a transcript of Parks's resentencing. Judge Bennett's disagreement with the crack/powder cocaine ratio is not contained within Parks's PSR, and "it is not unreasonable to require a third party desiring information about a defendant's sentencing proceedings to attend the sentencing hearings." **Spotted Elk**, 548 F.3d at 672. The district court did not abuse its discretion in refusing to disclose the PSR or sentencing transcript of Parks.

## III.

Williams raises several arguments about his sentencing: the disparity between his sentence and the sentence received by Parks; the district court's denial of a downward variance based on the crack/powder ratio; and the district court's refusal to consider post-sentence good behavior. Williams also challenges the substantive reasonableness of the sentence.

## A.

This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness. **United States v. O'Connor**, 567 F.3d 395, 397 (8th Cir. 2009). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, *failing to consider the § 3553(a) factors*, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an

explanation for any deviation from the Guidelines range." ***Gall v. United States***, 552 U.S. 38, 51 (2007) (emphasis added).

If there is no procedural error, this court reviews for reasonableness under a deferential abuse of discretion standard. ***O'Connor***, 567 F.3d at 397. A district court may grant a downward variance after considering the factors set out in 18 U.S.C. § 3553(a). ***United States v. Foster***, 514 F.3d 821, 824 (8th Cir. 2008). An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. ***United States v. Kane***, 552 F.3d 748, 752 (8th Cir. 2009). A district court is not required to respond specifically to each argument advanced by the defendant. ***United States v. Henson***, 550 F.3d 739, 742-43 (8th Cir. 2008); ***United States v. Abdullahi***, 520 F.3d 890, 894 (8th Cir. 2008). This court considers the entire sentencing record, not just the court's statements at the hearing, in determining whether the court's consideration of § 3553(a) was adequate. ***United States v. Gray***, 533 F.3d 942, 944 (8th Cir. 2008).

Williams's procedural challenge is that the district court failed adequately to consider his arguments regarding alleged sentence disparity. Williams seeks a more lenient sentence in light of the downward variance to the mandatory minimum of 60 months granted to Parks, who Williams asserts was similarly situated because of their involvement in the same drug transaction. Williams did not object at sentencing to the adequacy of the district court's consideration of § 3553(a)(6), so this court reviews for plain error. ***United States v. Barron***, 557 F.3d 866, 868 (8th Cir. 2009). Under plain error review, Williams must show an error, that is plain, and affects substantial rights. *See* ***Johnson v. United States***, 520 U.S. 461, 466-67 (1997). A plain error will not be corrected unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See* ***United States v. Olano***, 507 U.S. 725, 732 (1993).

At resentencing, the district court considered Williams's argument for a variance to avoid an unwarranted sentencing disparity. Acknowledging its "wide discretion" to vary from the advisory guidelines based on the factors he raised, the court declined to vary. The court found Williams "different from the other defendants that were sentenced by Judge Bennett." The district court noted Williams' high risk of recidivism, long history of criminality (Williams was in criminal history category VI and Parks in category I), and the fact that unlike Parks and Malone, Williams "not only went to trial, but he lied at trial." Parks received an adjustment for acceptance of responsibility; Williams did not (and in fact was assessed a two-level increase for obstruction of justice). This court finds no procedural error in the district court's consideration of 18 U.S.C. § 3553(a)(6), as the two defendants were not similarly situated. *See United States v. Brunken*, 581 F.3d 635, 638 (8th Cir. 2009) (finding that defendant "was not similarly situated to his co-defendants because they pleaded guilty, received substantial assistance reductions, or had lower criminal history scores.").

## B.

In a related argument, Williams challenges the district court's failure to vary downward from the advisory guidelines range based on the crack/powder ratio. He claims it was an abuse of discretion for the district court to deny his motion without explaining its disagreement with Judge Bennett's approach in Parks's case. Whether styled as an unwarranted sentencing disparity or a crack/powder disparity, Williams essentially proposes that the need to avoid unwarranted disparity should require district courts to consider and explain the imposition of a sentence inconsistent with other judges in the same district, and that the denial of a request for a crack/powder variance should call for more than a simple "No." *See United States v. Brewer*, ___ F.3d ___, No. 09-3909, 2010 WL 4117368 at *7-11 (8th Cir. October 21, 2010) (Bright, J., concurring in part and dissenting in part) (noting that a significant factor in the length of crack cocaine sentences in the Northern District of Iowa is which side

-11-

of the north-south interstate highway the crime was committed—this determines which of the two active judges gets the case).

In *Kimbrough*, the Supreme Court held that a district court may consider as a sentencing factor the disparity created by the 100-to-1 crack/powder sentencing ratio in the guidelines. ***Kimbrough***, 552 U.S. 85, 108-09 (2007). Post-*Kimbrough*, district courts are not required to consider the crack-powder sentencing disparity, though they may do so. *See, e.g.*, ***United States v. Anderson***, 618 F.3d 873, 883-84 (8th Cir. 2010); ***United States v. Woods***, 603 F.3d 1037, 1040 (8th Cir. 2010). The district court must at least recognize that it has the authority to vary downward based on the disparity. ***Anderson***, 618 F.3d at 883. In *Spears v. United States*, the Supreme Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." ***Spears***, 129 S.Ct. 840, 843-44 (2009).

After hearing argument based on the crack/powder disparity at Williams's resentencing, the district court acknowledged its power and "very wide discretion" to consider a variance on this basis, but declined to do so. The district court supplemented the record from the original sentencing with an extended discussion of its reasons for denying the variance. That the district court did not explicitly address any policy disagreement with other sentencing courts does not convert the denial of variance into an abuse of discretion. *See **United States v. Bowie***, 618 F.3d 802, 811 (8th Cir. 2010) (affirming sentence where the district court was presented with argument for a variance based on the crack-powder disparity but did not explicitly address the motion at the sentencing hearing); *see also **United States v. Boyce***, 564 F.3d 911, 917 (8th Cir. 2009) ("presum[ing]" the district court was aware of its discretion to vary based on the crack-powder disparity where both counsel for the defendant and the government discussed the district court's discretion to vary on this basis).

-12-

The district court need not respond to every argument advanced by a defendant, and the extent of explanation will vary according to the circumstances of the case. *See United States v. Lee*, 553 F.3d 598, 600 (8th Cir. 2009). Less explanation is necessary when a guideline sentence is imposed, as it was here. *Rita v. United States*, 551 U.S. 338, 356-57 (2007). The district court did not abuse its discretion in denying Williams's motion for a variance on this ground.

C.

Williams challenges the district court's refusal to consider his post-sentence rehabilitation at the resentencing. In this circuit, consideration of post-sentence conduct is prohibited in a resentencing proceeding. *Kane*, 552 F.3d at 754-55. If post-sentence rehabilitation could influence a defendant's sentence, it "would be grossly unfair to the vast majority of defendants who receive no sentencing-court review of any positive post-sentencing rehabilitative efforts." *United States v. McMannus*, 496 F.3d 846, 852 n.4 (8th Cir. 2007). However, the Supreme Court has granted certiorari to review this court's position. *See Pepper v. United States*, 570 F.3d 958 (8th Cir. 2009), *cert. granted*, 130 S.Ct. 3499 (U.S. June 28, 2010) (No. 09-6822) (certiorari granted on the following questions: "Whether a federal district judge can consider a defendant's post-sentencing rehabilitation as a permissible factor supporting a sentencing variance under 18 U.S.C. § 3553(a) after *Gall v. United States*? Whether as a sentencing consideration under 18 U.S.C. § 3553(a), post-sentencing rehabilitation should be treated the same as post-offense rehabilitation.").

In this case, the district court explicitly stated at the resentencing that "even if I considered [Williams's] post-offense rehabilitation or conduct in the institution, my sentence would not change or be any different." Therefore, any error was harmless. *See United States v. Jackson*, 594 F.3d 1027, 1030 (8th Cir. 2010) (noting that "[w]here we have a clear record that the judge intended to impose the same sentence,

and where the court takes into account the potential impact of the specific error alleged, it is appropriate to treat the alleged error as harmless.") (internal citations and quotation marks omitted) (citing *United States v. Henson*, 550 F.3d 739, 740-42 (8th Cir. 2008).

## D.

Williams argues that his new sentence of 140 months of imprisonment, at the low end of his advisory guidelines range of 140-175 months, is substantively unreasonable because it creates unwarranted sentencing disparity between himself and his accomplice Lamarr Parks.

This court reviews the substantive reasonableness of a sentence under a deferential abuse of discretion standard, according a "presumption of substantive reasonableness" to sentences within the guidelines range. *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009). An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. *Kane*, 552 F.3d at 752. A district court is not required to mechanically recite the 18 U.S.C. § 3553(a) factors, but it must be clear from the record that the district court actually considered the factors in fashioning a sentence. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In determining an appropriate sentence, a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6); *Kane*, 552 F.3d at 756.

In this case, the district court considered the sentencing factors in § 3553(a) and concluded that a sentence within the guidelines range was warranted—a conclusion this court may presume was reasonable. *See Rita v. United States*, 551 U.S. 338, 347

(2007); ***United States v. Lincoln***, 413 F.3d 716, 717 (8th Cir. 2005). The district court noted Williams's long history of criminality and drug abuse, the danger he posed to the community, and the fact that Williams "not only went to trial, but he lied at trial." Given Williams's violent and extensive criminal history, a sentence at the very bottom of his guidelines range is not an abuse of the district court's discretion. *Cf.* ***United States v. Lazarski***, 560 F.3d 731, 733 (8th Cir. 2009) (when a sentence is below the guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further.").

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____