# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3836

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Bryan Meppelink, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 16, 2011
Filed: April 20, 2011

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bryan Jonathon Meppelink pled guilty to one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(4) (previous mental-institution patients) and 922(g)(9) (misdemeanor domestic-violence offenders). The district court[1] sentenced him to 57 months' imprisonment, followed by three years of supervised release. On appeal, Meppelink challenges the substantive reasonableness of his sentence, arguing that the district court failed to properly consider the mitigating circumstances of his case.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We consider "the substantive reasonableness of the sentence imposed under an abuse of discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

> An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighting them commits a clear error of judgment.

*United States v. Williams*, 624 F.3d 889, 896-97 (8th Cir. 2010), *cert denied*, 132 S.Ct. 370 (2011).

The sentence in this case was within the (uncontested) Guideline range of 46 to 57 months. "A sentence within the Guideline range is accorded a presumption of substantive reasonableness on appeal." *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008). *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Meppelink argues that the district court failed to consider his mental-health issues, and his lack of knowledge of the firearm prohibition. When a district court is made aware of a defendant's proposed mitigation factors, we presume that each of them was considered and rejected. *United States v. Wisecarver*, 644 U.S. 764, 774 (8th Cir. 2011). The record demonstrates that the district court was not only aware of the applicable statutory factors under 18 U.S.C. § 3553(a), but also carefully considered them, specifically discussing Meppelink's mental-health issues. Accordingly, the district court did not abuse its discretion in sentencing Meppelink; his sentence, at the top of the advisory Guidelines range, was not unreasonable.

\* \* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____