# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3515

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey J. Kinseth

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 13, 2014
Filed: June 30, 2014
[Unpublished]

_____

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jeffrey Kinseth appeals the district court's[1] imposition of a 51-month sentence of incarceration following his guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343. Kinseth argues that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Between approximately March 2008 and September 2009, Kinseth used his company, Virtual Vision, to solicit and accept hundreds of thousands of dollars from at least eleven individual investors. Kinseth represented to the investors that they would receive substantial returns knowing in many instances that he would not invest the money and would use it instead to make payments to earlier investors. Kinseth also used at least $405,295 of investor funds to pay personal bills and expenses, such as his monthly mortgage payment. Additionally, the investor funds that Kinseth actually traded consistently sustained losses. Kinseth would at times conceal losses and misappropriation by issuing statements to investors that falsely reflected profits. Kinseth also sent several email messages to investors falsely promising them returns on their money. In all, Kinseth's conduct resulted in total victim losses of over $1,000,000.

On July 29, 2013, the district court accepted Kinseth's guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343. At the sentencing hearing held on October 31, 2013, the parties withdrew their objections to the presentence investigation report and stipulated to a Guidelines range of 41-51 months. The district court accepted the parties' calculation and sentenced Kinseth to the top of the Guidelines range—51 months (4 years, 3 months)—in addition to 3 years of supervised probation and $1,107,414.51 in restitution. Kinseth filed a timely notice of appeal of the judgment. On appeal, Kinseth challenges only the substantive reasonableness of his sentence.

In reviewing the substantive reasonableness of a sentence, whether inside or outside the Guidelines range, we apply "'a deferential abuse-of-discretion standard.'" *United States v. Hayes*, 518 F.3d 989, 996 (8th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). "An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010).

Kinseth argues that the district court placed undue weight on the nature and effect of his crime in imposing his sentence without considering a number of mitigating factors, including the unlikelihood that he will recidivate, his lack of criminal history, and the "aberrant" nature of his crime. The district court was not persuaded by these arguments and instead gave particular weight to Kinseth's failure to make efforts to repay his victims prior to sentencing in addition to the "horrible impact" of his crime. The district court did not err in considering these factors nor "assign[ing] [them] greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). We conclude that the district court gave necessary consideration to the relevant sentencing factors, *see* 18 U.S.C. § 3553(a), and carried out "an individualized assessment based on the facts presented," *Gall*, 552 U.S. at 50. Although the district court sentenced Kinseth to the top of the range, 51 months (4 years, 3 months), no basis is established for reversing the sentence as unreasonable. Accordingly, we affirm.

_____