# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2792

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Angel Pena

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 9, 2015
Filed: February 13, 2015
[Unpublished]

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joe Angel Pena pled guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

and 846.  The district court[1] sentenced Pena to 262 months in prison.  On appeal, Pena challenges only the substantive reasonableness of his sentence.  Having jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

In May 2012, law enforcement initiated an investigation of certain inmates within the Oak Park Heights Correctional Facility, a state prison located in Minnesota, who were coordinating drug trafficking activities with individuals outside the prison.  Law enforcement learned that Pena, an inmate at Oak Park Heights, had been communicating with co-conspirator Naomi Ellingson through letters and telephone calls to arrange the distribution of large quantities of methamphetamine in Minnesota and Iowa.  Pena arranged for suppliers to meet Ellingson at various locations to provide her with methamphetamine.  Ellingson distributed the methamphetamine to customers, including co-conspirator Michael Grove.  Pena received a portion of the proceeds from the drug operation.

In July 2013, an indictment was filed in the District of Minnesota charging Pena, Ellingson, and Grove with one count of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Pena pled guilty to the conspiracy charge.  He faced a mandatory minimum sentence of 20 years in prison under § 841(b)(1)(A) based on a prior felony drug conviction in 2006.

At sentencing, the district court determined that Pena qualified as a career offender under U.S.S.G. § 4B1.1 and calculated a base offense level of 37.  Taking into account a three-level reduction for acceptance of responsibility, the district court arrived at an offense level of 34 and a criminal history category of VI, resulting in a Guidelines range of 262-327 months in prison.  The district court sentenced Pena to

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

262 months in prison—22 months above the mandatory minimum sentence of 20 years—as well as 10 years of supervised release. Pena appeals the substantive reasonableness of the district court's sentence.

In reviewing the substantive reasonableness of a sentence, "whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (citation omitted) (internal quotation marks omitted). "An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Williams*, 624 F.3d 889, 896-97 (8th Cir. 2010). The appropriate factors for the district court to consider in imposing a sentence are set forth in 18 U.S.C. § 3553(a).

Pena argues that the district court erred by placing too much weight on the seriousness of his offense and his extensive criminal history, and too little weight on mitigating factors, such as his difficult upbringing. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Thus, a sentencing court "may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010).

Here, the district court applied the § 3553(a) factors in a detailed manner and set forth a reasoned, thorough explanation for imposing a 262-month sentence. Pena's sentence is lengthy. However, the record on our review does not justify reversal.

AFFIRMED.

_____