# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2466

_____

United States of America

*Plaintiff - Appellee*

v.

Linda Pippen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 13, 2019
Filed: June 20, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In 2012, Linda Pippen pled guilty to one count of embezzlement from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). She was sentenced to 48 months' imprisonment and three years' supervised release. In 2018,

the district court[1] revoked her supervised release, imposing a sentence of 18 months' imprisonment. Pippen appeals, challenging the reasonableness of the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Pippen was employed at Iowa Workforce Development, a state agency administering unemployment benefits for the federal government. She embezzled federal unemployment payments by: (1) using the social security numbers of persons no longer eligible for benefits in order to access their accounts, (2) editing their employment status, and (3) substituting her bank account and routing numbers for theirs.

Her conviction included supervised release beginning in September 2015. In June 2018, her probation officer petitioned to revoke her supervised release, alleging 32 violations of special conditions. The district court found 30 admitted or established, resulting in a guidelines range of 4-to-10 months. The maximum statutory term was two years. The district court revoked her supervised release, sentencing her to 18 months' imprisonment. Pippen asserts the district court abused its discretion by revoking her supervised release and imposing a sentence above the applicable guidelines range.

I.

"The district court has the discretion to revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015), *citing* 18 U.S.C. § 3583(e)(3). "A district court need only find a single

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

violation to revoke a defendant's supervised release." *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009). This court reviews a decision to revoke supervised release for an abuse of discretion, and the court's underlying factual findings for clear error. *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007). "A revocation is reversed only if this court has a definite and firm conviction that the District Court was mistaken." *United States v. Long*, 843 F.3d 338, 340-41 (8th Cir. 2016) (internal quotation marks omitted).

The district court found Pippen guilty of 30 separate violations based on the record and her own admissions. These factual findings are undisputed on appeal. The revocation of Pippen's supervised release was well within the district court's discretion.

II.

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Williams*, 624 F.3d 889, 896 (8th Cir. 2010). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, *failing to consider the § 3553(a) factors,* selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*, *quoting Gall v. United States*, 552 U.S. 38, 51 (2007) (emphasis in original).

The district court correctly calculated the guidelines range and did not treat it as mandatory. The district court said it "considered each and every factor under 18 United States Code Section 3553(a) that applies in a revocation proceeding." *See United States v. Dickens*, 735 Fed. Appx. 897, 899 (8th Cir. 2018) (finding no

procedural error where "the court said that it carefully considered each and every factor under 18 United States Code Section 3553(a) that applies in a revocation proceeding" (internal quotation marks omitted)). A mechanical recitation of the § 3553(a) factors is unnecessary. *See Williams*, 624 F.3d at 899. The district court's awareness of the relevant factors is sufficient. *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). The district court "provided a reasoned basis for the heightened sentence, which was grounded in § 3553(a) considerations." *United States v. DeMarrias*, 895 F.3d 570, 573 (8th Cir. 2018) (internal quotation marks omitted). The court adequately explained the sentence, citing well-supported facts: Pippen's failed rehabilitation under previous lenient sentences, her attempts to evade restitution payments, her inability to cooperate with probation officers, her dishonest testimony at the revocation hearing, and her "extremely high risk" of recidivism. There is no procedural error.

As for substantive reasonableness, review is for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *citing Gall*, 552 U.S. at 51. "An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *Williams*, 624 F.3d at 899.

Pippen contends that her 18-month revocation sentence is substantively unreasonable because the district court "failed to consider a highly relevant mitigating factor that should have received significant weight—[her] previous consistent long-term success on supervised release."

-4-

Evidence of post-incarceration conduct "may be highly relevant to several of the § 3553(a) factors" that district courts consider at sentencing. *See Pepper v. United States*, 562 U.S. 476, 491 (2011). Pippen's sentence is substantively reasonable because the district court's factual findings refute the assertion that her post-incarceration conduct showed "consistent long-term success." She claims she "did successfully work with her probation officer from September 2015 to March 2018." But the district court determined she violated her supervised release as early as August 2016—within a year after it began. Her second violation was two months later, with at least 12 violations the following year. Pippen does not challenge the sufficiency of the evidence for these violations. "The facts . . . belie [her] argument." *United States v. Hairy Chin*, 850 F.3d 398, 403 (8th Cir. 2017) "The court had ample basis for discounting her alleged mitigating good behavior." *Id. at* 403-04 (dismissing defendant's argument that the district court's failure to consider her "good behavior" between convictions was an abuse of discretion where the defendant completed just 15 months of supervised and unsupervised release before recidivating). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464. *See generally Miller*, 557 F.3d at 916 (upholding a revocation sentence that exceeded the guidelines range but was below the maximum statutory term of imprisonment); *United States v. Malloy*, 343 Fed. Appx. 149, 152 (8th Cir. 2009) (same).

The district court did not substantively err by failing to consider Pippen's long-term success on supervised release because there was none.

*       *       *       *       *       *       *

The judgment is affirmed.

_____