# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1431
_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Jermane Lee, also known as Wheezy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: January 13, 2020
Filed: April 9, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Eddie Jermane Lee appeals his 18-month revocation sentence as substantively unreasonable. Lee's advisory Guidelines range was 7 to 13 months' imprisonment. The district court revoked Lee's supervised release and sentenced Lee to an above-

Guidelines sentence of 18 months' imprisonment with no term of supervised release to follow.

The court recounted Lee's history of supervised release. His first revocation occurred in 2016 "for multiple violations." Revocation Hr'g Tr. at 14, *United States v. Lee*, No. 3:07-cr-03004-LTS-KEM (N.D. Iowa Apr. 25, 2019), ECF No. 359. Lee received a seven-month sentence and four-year term of supervised release. In 2017, Lee's second revocation occurred "for various violations." *Id.* He received a seven-month sentence and a three-year term of supervised release. The government filed a third petition for revocation of Lee's supervised release in 2018, resulting in "one modification." *Id.* at 15. At that time, Lee acknowledged "that he did have a problem and wanted help." *Id.* But, as the district court explained, "unfortunately things . . . continued." *Id.* Later, a fourth petition of revocation was filed, followed by a second supplemental and substituted petition for revocation of supervised release. That petition listed eight violations and alleged that Lee violated five different conditions of release. The district court noted that it had "previously found" "violations 1, 2, and 3" and then, at sentencing, "found 4 through 8 including all of the subparts . . . based on Mr. Lee's admissions." *Id.* at 14. The court determined that Lee "violated a court order in a wide variety of ways" and "lied to [his] probation officer in numerous ways." *Id.* at 16.

After reviewing Lee's history, the court concluded that it was "time to end supervised release" because to reimpose supervised release "would be a gigantic waste of resources for all of us." *Id.* The court acknowledged this was Lee's "third revocation. There have been a massive number of violations not just this time but going back through the prior ones." *Id.* While the court acknowledged Lee's "positive qualities," after "considering all of the other sentencing factors," it concluded "that a term of 18 months in prison is the appropriate sentence." *Id.* at 16–17. According to the court, "anything less than that—given the number of violations, the fact that it's a third revocation, . . . would not be sufficient." *Id.* at 17.

Lee argues that his 18-month sentence is substantively "unreasonable because [his] violations amount to little more than failing to comply with the terms of supervised release," do not involve "violent offenses," and involved "violations . . . for otherwise lawful activity—alcohol use." Appellant's Br. at 2.

We hold that "[t]here was no abuse of the district court's substantial sentencing discretion." *United States v. Kocher*, 932 F.3d 661, 664 (8th Cir. 2019). "We have frequently upheld revocation sentences that varied upward from the advisory guidelines range because [the] defendant was a 'recidivist violator' of supervised release conditions." *Id.* (quoting *United States v. Malloy*, 343 F. App'x 149, 151 (8th Cir. 2009) (per curiam)). The present case "is not 'the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *Id.* (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).

Accordingly, we affirm the judgment of the district court.

_____