# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2539

_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Hummingbird

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: November 18, 2013
Filed: February 25, 2014
[Published]

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

PER CURIAM.

Eddie Hummingbird pled guilty to one count of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(b), and 2246(3). The district court[1] calculated

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

his sentencing guideline range at 6–12 months. The court varied upward, sentencing Hummingbird to 24 months, the statutory maximum. Hummingbird appeals, contending the sentence is substantively unreasonable. We affirm.

## I. Background

On April 14, 2012, Hummingbird gave the victim, Michelle Two Charger, a ride from a bar in Kilgore, Nebraska, to her home on the Rosebud Sioux Indian Reservation in South Dakota. He asked to come inside Two Charger's home, and she agreed. There is a dispute as to what followed. After using the bathroom, Hummingbird entered Two Charger's master bedroom, where she was either exiting the room (according to Two Charger) or on the bed (according to Hummingbird). Two Charger reported to police that Hummingbird anally penetrated her by force. Hummingbird denied this, but admitted Two Charger was face down on the bed and he "intentionally touched her genitalia, groin, and inner thigh, skin to skin, without the victim's consent." Statement of Factual Basis at 1–2, No. 12-30101, ECF No. 42. Hummingbird also explained that he was intoxicated at the time and does not remember many details of that evening. Sentencing Tr. at 13–15, No. 12-30101, ECF No. 66.

In August 2012, Hummingbird was indicted on one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a). In March 2013, Hummingbird pled guilty to a superseding information charging him with one count of abusive sexual contact, in violation of 18 U.S.C. § 2244(b).

The Presentence Investigation Report ("PSR") recommended applying a cross-reference to aggravated sexual abuse, U.S. Sentencing Guidelines Manual ("USSG") § 2A3.1(a)(2) (2012), pursuant to USSG § 2A3.4(c)(1). This cross-reference would have increased the base offense level from 12 to 30. The PSR also recommended additional increases due to specific offense characteristics: a

-2-

four-level increase to the offense level pursuant to USSG § 2A3.1(b)(1) due to the use of force, and a two-level increase pursuant to USSG § 2A3.1(b)(4)(B) due to serious bodily injury to the victim. At sentencing, however, the district court sustained Hummingbird's objections to the cross-reference, use of force, and serious bodily injury. It found the evidence about what occurred that evening in equipoise given the victim, Two Charger, did not testify. Consequently, the district court calculated a guideline range of 6–12 months. The court varied upward, however, and sentenced Hummingbird to the statutory maximum of 24 months.

## II. Discussion

We review sentences, "whether inside or outside the Guidelines range," under "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). In reviewing the district court's sentence, "[w]e 'must first ensure that the district court committed no significant procedural error.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). We then consider whether the sentence is substantively reasonable. Id. Hummingbird contends the district court erred in "re-emphasiz[ing] [the nature and circumstances of the offense] by making it a basis for an upward variance." Appellant Br. at 9. He further argues that the upward variance was unjustifiably large given the record in this case.

It was not procedural error for the district court to "re-emphasize," or reconsider, the nature and circumstances of the offense when sentencing Hummingbird. To the contrary, the court is required to consider these factors under 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant."). A court's failure to consider the § 3553(a) factors would be procedural error. See Gall, 552 U.S. at 51. That the guidelines also take into account the nature and circumstances of the offense does not

-3-

render their further consideration an abuse of discretion. "[F]actors that have already been taken into account in calculating the advisory guideline range . . . can nevertheless form the basis of a variance." United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009). Here, the court properly considered the nature and circumstances of the offense: Hummingbird equated giving an acquaintance a ride home from a bar with consent for sexual contact, and the result was very upsetting to the victim.

Hummingbird's sentence, including the upward variance, was also substantively reasonable. We have repeatedly stated that "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (quotation omitted).

Hummingbird emphasizes the percentage variation from the advisory guideline range in arguing his sentence is substantively unreasonable: with the upward variance, his 24-month sentence was 100% more than the high end of the calculated guideline range. The Supreme Court has rejected, however, "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Gall, 552 U.S. at 47. In doing so, the Court noted "deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low." Id. at 47–48. The percentage of the departure is thus not sufficient in and of itself to find Hummingbird's sentence substantively unreasonable.

On review we "may consider the extent of the deviation" from the guidelines, yet we "must [also] give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 51. Hummingbird states, without further explanation, that his actions were not extraordinary enough to justify the upward variance. However, "extraordinary circumstances" are not needed to justify a sentence outside the guideline range. Id.

at 47. As mentioned above, the district court based its sentence on the § 3553(a) factors. Though the district court gave greater weight to the nature and circumstances of the offense than to other § 3553(a) factors also considered, this judgment was within the district court's discretion. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (The district court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence"). Therefore, we cannot say that it abused its discretion.

### III. Conclusion

For these reasons, the judgment of the district court is affirmed.

_____