# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3738

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Scott Luedtke

*Defendant - Appellant*

_____

No. 13-3798

_____

United States of America

*Plaintiff - Appellee*

v.

Irah Lee Goodwin

*Defendant - Appellant*

_____

No. 14-1031

_____

United States of America

*Plaintiff - Appellee*

v.

Edward McCabe Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 8, 2014
Filed: November 17, 2014

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

While detained on federal felony charges, appellants Michael Luedtke, Irah Goodwin, and Edward Robinson assaulted two state correctional officers at Sherburne County Jail, a Minnesota facility which had a contract with the United States Marshals Service. The three federal inmates pled guilty and were convicted of assaulting "persons assisting federal officers" under 18 U.S.C. § 111. Appellants assert that federal jurisdiction is lacking because the state correctional officers they attacked were not assisting any federal officers at the time. Robinson also alleges procedural error at sentencing. We affirm.

Appellants were federal detainees held at the Sherburne County Jail under an intergovernmental service agreement with the United States Marshals. The Marshals paid the state facility to house and supervise federal inmates provided that the jail met certain minimum federal standards. Luedtke was in federal custody following a

-2-

robbery conviction, and Goodwin and Robinson were in federal pretrial detention. While held in the jail, appellants attacked state correctional officers Jesse Kipka and Jesse Overlie. They were subsequently charged and convicted under 18 U.S.C. § 111.

Section 111 prohibits assault on certain categories of persons designated in 18 U.S.C. § 1114. They include "any person assisting [a federal] officer or employee" while "such officer or employee is engaged in or on account of the performance of official duties." 18 U.S.C. § 1114. Appellants moved to dismiss the indictment for lack of federal jurisdiction, arguing that the state guards they attacked were not assisting federal officers because the Sherburne jail did not employ any federal personnel. The federal district court[1] denied their motion to dismiss, and appellants pled guilty. They now appeal the denial of their motion to dismiss. Robinson also argues for the first time on appeal that the federal district court committed procedural error at sentencing by failing to consider his "history and characteristics" under 18 U.S.C. § 3553(a).

We review de novo the "threshold legal question" of whether a state employee qualifies as a person assisting a federal officer under 18 U.S.C. § 111. See United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). Congress passed § 111 "to protect both federal officers and federal functions." United States v. Feola, 420 U.S. 671, 679 (1975). Some federal courts have cited Feola in holding that § 111 also applies to state officers who are performing federal functions under a contract, whether or not federal personnel are present. See United States v. Jacquez-Beltran, 326 F.3d 661, 663 n.5 (5th Cir. 2003) (per curiam) (collecting cases). We adopted this approach in Roy, holding that § 111 applied to a state officer who was performing tribal law enforcement duties under a federal contract. 408 F.3d at 491. There, we concluded that § 111 applied to the state officer regardless of whether he was acting in the

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

presence of federal personnel because the officer was "performing a federal function." Id.

Here, under the Sherburne County Jail's intergovernmental service agreement with the United States Marshals, Officers Kipka and Overlie were performing a federal function based on a contract with a federal agency. The service agreement stated that the Marshals had transferred responsibility for housing and supervising federal prisoners to the Sherburne jail. Under this contract, the two state guards were "serving precisely the same federal interest that a marshal would serve while maintaining custody of a federal prisoner." United States v. Murphy, 35 F.3d 143, 147 (4th Cir. 1994). The absence of federal personnel at the Sherburne jail does not eliminate the protection that § 111 provides for state officers "furnish[ing] services to the Marshals under contract." See United States v. Matthews, 106 F.3d 1092, 1096 (2d Cir. 1997). Since Officers Kipka and Overlie were performing a federal function under contract, they qualify as persons assisting federal officers under § 111. We thus conclude that the district court properly denied appellants' motion to dismiss.

Robinson also argues that the district court committed procedural error at sentencing by failing to consider evidence regarding his "history and characteristics" under 18 U.S.C. § 3553(a). We review for plain error because Robinson "failed to object to this alleged procedural error before the district court." United States v. Horton, 756 F.3d 569, 580 (8th Cir. 2014). To succeed on this claim Robinson must show that "there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

According to Robinson, the district court failed to consider his difficult childhood and his mistreatment by other prisoners as parts of his history and characteristics under § 3553(a). The record taken as a whole shows however that the district court adequately considered Robinson's history and characteristics. The court

reviewed the information contained in Robinson's presentence report and heard extensive argument from Robinson's attorney, thus indicating that the court "was aware of the § 3553(a) factors and adequately considered them in selecting an appropriate sentence." United States v. Gray, 533 F.3d 942, 945–46 (8th Cir. 2008).

Furthermore, Robinson cannot show that the alleged error affected his substantial rights.  In the sentencing context, "an error affects a defendant's substantial rights [if it] is prejudicial, and an error is prejudicial only if the defendant proves a reasonable probability that he would have received a lighter sentence but for the error."  Horton, 756 F.3d at 580 (internal quotation marks omitted).  The district court sentenced Robinson to a guideline sentence of 164 months, 82 months to run concurrently with another sentence.  Robinson received a sentence lower than those imposed on the other two federal inmates involved in the assault, and his term of imprisonment was only 13 months higher than his request.  Given Robinson's criminal record and the seriousness of his assault on the two state correctional officers, he has failed to establish "a reasonable probability that he would have received a lighter sentence" if the district court had considered the mitigating evidence that Robinson alleges it ignored.  Id.

For these reasons we affirm the judgment of the district court.

_____