# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3987
_____

United States of America

*Plaintiff - Appellee*

v.

Dylan W. Stone

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 18, 2017
Filed: October 17, 2017
[Published]
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Dylan W. Stone pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] adopted the uncontested

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

calculations of Stone's offense level and criminal history in the presentence report, which resulted in an advisory Sentencing Guidelines range of 27–33 months. Citing a number of factors, the court sentenced Stone to an above-Guidelines sentence of 60 months of imprisonment. Stone appeals, arguing the district court erred in imposing an upward variance.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).[2] Stone argues that the district court abused its discretion in two ways: (1) by considering improper factors in determining his sentence; and (2) by engaging in an unreasonable weighing of the statutory sentencing factors listed in 18 U.S.C. § 3553(a), leading to an unjustifiably excessive sentence.

Stone alleges the district court considered improper factors when, according to Stone, it declared "categorical rules" that required imposing longer sentences for federal, rather than state, crimes and imposing longer sentences for a greater history of recidivism. Such a reading of the transcript, however, takes out of context two statements the court made during a longer sentencing colloquy. Read in context, it is apparent that the district court was not relying on categorical rules, but instead was making individualized observations about Stone's past conduct and the need for deterrence in light of Stone's history and personal characteristics. The "need for

---

[2]The government argues that Stone alleges "procedural" as well as "substantive" errors, and that the unobjected-to procedural errors should be reviewed under the even-more-deferential plain error standard. Because we conclude Stone is not entitled to relief under either standard, we need not decide which standard of review to apply. See United States v. Kouangvan, 844 F.3d 996, 999–1000 (8th Cir. 2017) (recognizing "apparent conflict" between cases that categorize consideration of improper factor as a procedural error and cases categorizing it as a challenge to substantive reasonableness, but declining to resolve the conflict); United States v. O'Connor, 567 F.3d 395, 397 & n.3 (8th Cir. 2009) (same).

deterrence" is an authorized—not an improper—statutory factor, and the district court did not err in taking it into consideration. See 18 U.S.C. § 3553(a)(2)(B).

Similarly, we are unpersuaded by Stone's contention that the district court improperly weighed the § 3553(a) factors. When varying from the Guidelines, "[t]he district court must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Martinez, 821 F.3d 984, 989 (8th Cir. 2016) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). However, "'extraordinary circumstances' are not needed to justify a sentence outside the guideline range," even if the district court is varying upward. United States v. Hummingbird, 743 F.3d 636, 638 (8th Cir. 2014). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Here, the district court specifically addressed a number of the § 3553(a) factors. First, it looked at Stone's history and characteristics[3]—giving specific attention to the his employment history and lack of success when previously placed on supervision. The court then discussed the need to protect the public from further crimes, which the court described as "something that I think is very real" with respect to Stone. And, as noted, the court addressed the need for deterrence. The district court also expressly acknowledged that Stone had accepted responsibility for his offense and was honest with the court, which "help[ed]" him from receiving an even longer sentence. These considerations are adequate to support an upward variance in this case. See Gall, 552

---

[3] Although the Guidelines range "already account[s] for . . . prior convictions" and the defendant's criminal history, see Martinez, 821 F.3d at 989, it is not procedural error to consider this factor again in determining the appropriate sentence, see Hummingbird, 743 F.3d at 637 ("[T]he court is required to consider these factors under 18 U.S.C. § 3553(a)(1).").

U.S. at 51 ("[We] must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.").

The judgment of the district court is affirmed.

_____