# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1191
_____

United States of America

*Plaintiff - Appellee*

v.

Terrae J. Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 16, 2020
Filed: December 11, 2020
[Unpublished]
_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

After Kansas City police received a report of gunshots inside an apartment, they responded and found Terrae Johnson, apparently under the influence of PCP, lying naked on the apartment's kitchen floor. Johnson's cousin who lived at the apartment told police that Johnson had been smoking PCP while visiting her. She

explained that, while she was cooking, she heard gunshots and so she dived to the ground, crawled out of the apartment, and called for help. Officers found a gun with an extended-capacity magazine on the kitchen floor as well as five shell casings in the kitchen area and several bullet holes in the walls.

Johnson pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The parties agreed that the Sentencing Guidelines recommended a sentence of 57–71 months' imprisonment, and they jointly recommended that the district court[1] sentence Johnson to a prison term at the bottom of that range. The district court instead varied upward and imposed a 96-month sentence. Johnson maintains on appeal that this sentence is substantively unreasonable, but we disagree and affirm.

We review sentences both inside and outside the Guidelines range for an abuse of discretion. *United States v. Stone*, 873 F.3d 648, 649 (8th Cir. 2017) (per curiam). So even when a court varies outside the Guidelines range, we "give due deference to the district court's decision that" the appropriate sentencing considerations found in 18 U.S.C. § 3553(a) justify the extent of the variance. *See United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016). Our review is narrow and deferential, and only in unusual cases will we reverse a district court sentence, even one above the Guidelines range, for being substantively unreasonable. *Id.*

Johnson asserts that the district court "committed a clear error in judgment in its weighing" of the § 3553(a) sentencing considerations. He first maintains that the district court "overemphasized" the relevance of certain "municipal offenses" he had been charged with or convicted of (namely, leaving the scene of an accident, resisting arrest, and driving under the influence). The transcript of Johnson's sentencing

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

hearing, however, doesn't demonstrate that the district court focused on these offenses in particular when setting Johnson's sentence. It is true that the court mentioned them to support its conclusion that Johnson had not shown respect for the law. But as the court explained, Johnson had already been sentenced to ninety months in federal prison for two separate incidents where he was found with guns and drugs, the second of which occurred while he was on supervised release for the first time he was caught with drugs and a gun. This being the third such instance where Johnson mixed guns and drugs, we cannot say that the district court's observations about Johnson's lack of respect for the law were unfounded or measurably depended on Johnson's "municipal offenses."

Johnson also points out that his Guidelines range already accounted for his offense conduct, and so, his argument runs, the district court shouldn't have relied on that conduct in varying upward. But it is familiar law that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *See United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam). We note, too, that the Guidelines calculation did not take into account that, when Johnson committed his offense, he was committing two other felonies (possessing drugs and firing a weapon in an occupied dwelling), and only one felony was required to trigger an enhancement. *See* USSG § 2K2.1(b)(6)(B). Under the Guidelines, therefore, Johnson got a kind of pass for the second felony, and so it's not completely accurate to say that the Guidelines calculation already accounted for all the offense conduct.

Johnson further maintains that there's no evidence that an upward variance, as compared to a sentence within the Guidelines range, would better deter him from committing other crimes. But we think it within the district court's ample discretion to decide, since prior sentences totaling ninety months had not dissuaded Johnson from abandoning his criminal pursuits, that a (slightly) longer sentence this time around was warranted.

Johnson also says that the district court "failed to evaluate Mr. Johnson's culpability in terms of his drug addiction and its clear influence on his offense conduct and prior criminal conduct." Even assuming that drug addiction is a mitigating circumstance, a matter that's debatable, *see United States v. Henry*, 770 F. App'x 309, 311 (8th Cir. 2019) (unpublished per curiam), the district court did in fact consider the possibility that addiction contributed to Johnson's disrespect for the law in fixing the sentence. It's not even clear on this record, moreover, that Johnson has a drug addiction; the unobjected-to paragraphs in his presentence report on the topic of substance abuse, which recount statements Johnson gave on the subject, do not give the impression that Johnson was addicted to drugs, as opposed to being an occasional user. And nothing in the record suggests that addiction led Johnson to come into possession of a gun anyway.

Finally, Johnson finds fault in the district court's "extraneous remark" during the sentencing hearing "regarding Mr. Johnson's son." The court said that the "son doesn't need to be around learning how you do drugs and deal drugs and get guns and do PCP and shoot up things." Johnson says that the record does not show that he exposed his son to drugs or guns, and that it would be speculative for the district court to believe that Johnson would do so in the future if he were not imprisoned.

Even if Johnson has properly construed the court's statement, which is doubtful, it is hardly unreasonable for the court to point out that one effect of its sentence would be to deter Johnson from committing additional crimes during some of his son's most formative years. The possibility that an offender will recidivate is to some extent always speculative, but that does not mean a district court may not fashion a sentence with that possibility in mind.

In sum, we see no abuse of discretion here, whether we consider Johnson's contentions individually or cumulatively.

Affirmed.

_____