# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2236
_____

United States of America

*Plaintiff - Appellee*

v.

Robin Cox

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: February 17, 2022
Filed: February 23, 2022
[Unpublished]
_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Robin Cox, a doctor, appeals after she pleaded guilty to knowingly and intentionally distributing oxycodone without an effective prescription, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced her to thirty months in prison, an upward variance from the United States Sentencing Guidelines advisory range, to be followed by three years of supervised release. Cox appeals, arguing her prison sentence is substantively unreasonable because the district court erred in weighing the relevant sentencing factors and failed to conduct the appropriate individualized analysis by considering factors outside the scope of her case.

As this court has stated previously, "[i]t will be the unusual case when we reverse a district court sentence-whether within, above, or below the applicable Guidelines range-as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). Having reviewed the record under a deferential abuse-of-discretion standard of review, see Gall v. United States, 552 U.S. 38, 41, 51 (2007), we conclude the district court did not impose a substantively unreasonable sentence.

The district court considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication it overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See Feemster, 572 F.3d at 461-62. Cox's contention that the district court failed to conduct an individualized analysis is belied by the record, which shows the district court extensively discussed her offense conduct and did not err by referencing the greater impact of the opioid crisis in the context of explaining the seriousness of her own conduct and the need to promote deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B); United States v. King, 898 F.3d 797, 810 (8th Cir. 2018); United States v. Stone, 873 F.3d 648, 649 (8th Cir. 2017) (per curiam). The record also demonstrates the district court sufficiently considered mitigating factors, which counsel discussed at length during the sentencing hearing. See United States v.

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012); United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008). Cox's disagreement with the district court's decision to assign less weight to those factors is insufficient, on this record, to show an abuse of discretion, particularly given the court's emphasis on the seriousness of her uncontested offense conduct. See United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011); United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011). Considering the totality of the circumstances, and giving due deference to the district court's determination that the section 3553(a) factors justified a variance, we conclude the district court permissibly exercised its discretion to vary upward. See Gall, 552 U.S. at 47, 51; United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019); Ferguson v. United States, 623 F.3d 627, 631-32 (8th Cir. 2010).

The judgment is affirmed. See 8th Cir. R. 47B.

_____