# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1628

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tyrone Lynn Merriweather

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: November 14, 2022
Filed: January 9, 2023
[Unpublished]

——————————

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

After Appellant Tyrone Merriweather committed numerous violations of the terms of his supervised release, the district court[1] revoked Merriweather's supervised release and sentenced him to 30 months imprisonment with an additional

———————————————

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

12 months of supervised release. Merriweather appeals, asserting that the district court erred in calculating his United States Sentencing Guidelines range and in imposing a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2005, Merriweather pled guilty to one count of conspiracy to distribute cocaine base in the Southern District of Illinois. With respect to his original sentence, the government filed notice, pursuant to 21 U.S.C. § 851, that Merriweather was subject to a 240-month statutory minimum term of imprisonment under 21 U.S.C. § 841 based on a previous "felony drug offense" conviction for possession of cocaine under Illinois law. Bound by this provision, the district court imposed a sentence of 240 months imprisonment, followed by 10 years of supervised release. Following the passage of the First Step Act, which amended the mandatory minimum term of imprisonment to 120 months, Merriweather filed a motion to reduce his sentence. The government agreed Merriweather was entitled to relief under the First Step Act and recommended jointly with Merriweather that Merriweather's sentence be reduced to 120 months imprisonment, with credit for time served, and 8 years supervised release, which the district court adopted. In February 2019, Merriweather was released and began serving supervised release. In September 2020, Merriweather's supervised release was transferred to the Eastern District of Missouri. In February 2022, the United States Probation Office filed a petition to revoke Merriweather's supervised release based on several violations, including a conviction for third-degree felony domestic assault in Missouri state court, multiple failed alcohol tests, a location monitoring violation, and a violation of an order of protection. At the final revocation hearing, Merriweather admitted the violations. The district court calculated Merriweather's Guidelines range as 30 to 37 months imprisonment, ultimately imposing a bottom-of-the-Guidelines range sentence of 30 months followed by 12 months of supervised release.

Merriweather first asserts that the district court erred in calculating his Guidelines range, specifically arguing that the applicability of his mandatory minimum sentence was impacted by a recent decision from this Court, United States

v. Oliver, 987 F.3d 794 (8th Cir. 2021), which held that an Illinois statute regarding cocaine offenses was overbroad and thus did not qualify as a "serious drug felony" for the purposes of an enhanced sentence, impacted the statutory minimum term of imprisonment for his original sentence. According to Merriweather, Oliver bars his previous Illinois cocaine conviction from serving as a qualifying conviction for purposes of the 21 U.S.C. § 851 enhancement he received, and without it, he would have been subject to a significantly lower term of imprisonment. Merriweather asserts that the district court should have taken this into account by recognizing the resulting impact that an adjusted original sentence would have on the Guidelines range for his revocation sentence.

Because Merriweather did not raise any objection to the Guidelines calculation at sentencing, we review for plain error only. See United States v. Luedtke, 771 F.3d 453, 455 (8th Cir. 2014). To succeed on plain error review, Merriweather "must show that 'there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted). We find no error, much less one that is plain, in the district court's calculation of Merriweather's Guidelines range. Although Merriweather asserts that the district court erred in calculating the Guidelines range for his revocation sentence, his argument is, in essence, an impermissible collateral attack on his previous conviction and sentence. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) ("A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack in a supervised-release revocation proceeding."). Because Merriweather argues nothing more than that his original sentence was incorrectly calculated, we reject his appeal on this basis.

Merriweather next asserts that the district court imposed a substantively unreasonable sentence because it failed to appropriately consider the nature and circumstances of Merriweather's supervised release violations, failed to consider his history and characteristics, and imposed a sentence greater than necessary to achieve

the goals of sentencing. "We review revocation sentences 'under the same "reasonableness" standard that applies to initial sentencing proceedings.' Thus, the substantive reasonableness of a revocation sentence is reviewed 'under a deferential abuse-of-discretion standard.'" United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (citations omitted).[2] "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Merriweather's argument is largely premised on his desire that the district court place greater emphasis on the mitigating factors he identified—that he served over 4 years more than his amended sentence, that he was on supervised release for 17 months before he committed any violations, and that he was improperly informed by his counsel in his state court domestic violence case about the impact of a conviction on his federal supervised release—than on the aggravating factors the district court considered, including the number of violations Merriweather committed. However, "[t]he district court has wide latitude to weigh the § 3553(a) factors [as incorporated by 18 U.S.C. § 3583(e),] in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Stone, 873 F.3d 648, 650 (8th Cir. 2017) (per curiam). Merriweather's disagreement with the district court's weighing of the mitigating and aggravating factors does not warrant reversal. Finally, to the extent that Merriweather challenges the district court's explanation of the sentence, where, as here "a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356-57 (2007).

---

[2]The government argues that we should review this argument for plain error because Merriweather did not object at sentencing to the district court's weighing of mitigating and aggravating factors. However, this Court has held that "[a] defendant need not object to preserve an attack on the substantive reasonableness of a sentence." United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008). We therefore review for abuse of discretion.

In imposing the sentence, the district court specifically referenced Merriweather's violations, stated that he considered the arguments from Merriweather's counsel, and noted that he considered the policy statements in the Guidelines. This explanation was sufficient to support the sentence imposed.

For the foregoing reasons, we affirm the judgment of the district court.

_____