# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1252

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Anthony Ray Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 11, 2014
Filed: December 4, 2014
[Published]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Anthony Ray Brown pled guilty to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The district court[1]

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

sentenced Brown to 120 months imprisonment, below the guideline range of 151 to 188 months. Brown appeals, asserting procedural and substantive errors. We affirm.

On January 16, 2013 Brown pled guilty to distributing approximately 6 grams of crack cocaine in violation of § 841(a)(1) and § 841(b)(1)(C). The district court calculated a guideline range of 151 to 188 months based on Brown's offense level of 29 and criminal history category VI. The government requested a sentence of 151 months based on Brown's prior criminal convictions for selling crack cocaine, and Brown argued for a downward departure based on his mental health needs and troubled childhood. He claimed that his status as a career offender was overstated because his untreated "schizoaffective disorder" caused his criminal conduct.

The district court varied downward, sentencing Brown to 120 months. The court explained that while Brown had a history of criminal convictions involving crack cocaine, he had "mental health issues" and a "difficult childhood." In its statement of reasons the court cited the majority of 18 U.S.C. § 3553(a) sentencing factors and explained that Brown's "history of mental health issues" and "dysfunctional childhood" warranted a sentence below the guideline range. On appeal, Brown contends that the district court committed procedural error by failing to consider his mental health issues sufficiently and explain his sentence adequately. He also argues that his sentence is substantively unreasonable.

We review the sentence imposed by the district court under the deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). We must first determine whether the district court committed a procedural error by improperly calculating "the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. The district court abuses its discretion under § 3553(a) if it "fails to consider a relevant factor that should have received significant weight," "gives significant

weight to an improper or irrelevant factor," or "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id.

Brown first argues that the district court gave only "cursory review" to his mental health issues. On this record, we cannot agree. The district court adopted the findings in the presentence investigation report which discussed Brown's mental health issues at length. It also heard extensive argument from Brown's counsel who claimed that Brown's psychological disorder caused his criminal recidivism. The court responded to these arguments at sentencing and in its statement of reasons, expressing "no doubt that [Brown] has some mental health issues" and that his sentence would "give [him] an opportunity to take advantage of [the] mental health services [available] in prison." Because the record shows that the district court extensively reviewed Brown's mental health issues and need for treatment, we find no error. See United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009).

Brown next argues that the district court procedurally erred by failing to explain his sentence. We again disagree. At sentencing the court explained the need to avoid sentencing disparity among similar defendants and its conclusion that a lengthy prison term was appropriate given Brown's status as a career offender and his inability to "remain law abiding." The statement of the court's reasons reflects Brown's "dysfunctional childhood" and "history of mental health issues," and the court's conclusion that his criminal conduct and status as a career offender warranted a "significant term of imprisonment." The record indicates that the district court adequately explained Brown's sentence. See United States v. Jones, 756 F.3d 1121, 1122 (8th Cir. 2014).

Our "sole remaining role is to consider the substantive reasonableness of the sentence." United States v. Bueno, 549 F.3d 1176, 1181 (8th Cir. 2008). Brown contends that the district court's below guidelines sentence was an abuse of discretion, but on this record it is "nearly inconceivable" that the court abused its

discretion in "not varying downward still further." <u>United States v. Lazarski</u>, 560 F.3d 731, 733 (8th Cir. 2009). The record at sentencing shows the court considered the mitigating factors raised by Brown, including his difficult childhood and mental health. In its statement of reasons the court discussed § 3553(a) factors, Brown's criminal history, and the nature of his offense. The record indicates that the court found no further variance was warranted. To the extent Brown challenges the court's decision not to grant a downward departure, the decision is "unreviewable unless the court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." <u>United States v. Phelps</u>, 536 F.3d 862, 868 (8th Cir. 2008). We see none here and thus reject Brown's challenge to the substantive reasonableness of his sentence.

For the foregoing reasons, we affirm the judgment of the district court.

_____