# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3649

_____

United States of America

*Plaintiff - Appellee*

v.

Norman Lee Burch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 24, 2015
Filed: January 12, 2016

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Appellant-defendant Norman Burch (Burch) pled not guilty to a charge of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). At trial, Burch objected to the admission of two pieces of evidence: an email and a written statement

to police. The district court[1] admitted the email and sustained Burch's objection to the written statement. But the government presented testimony regarding the written statement without objection by Burch. A jury found Burch guilty of possession of child pornography. Burch filed a motion for judgment of acquittal, which the district court denied. The district court sentenced Burch to 120 months' (10 years') imprisonment. Burch appeals both his conviction and sentence. We affirm.

## I. BACKGROUND

Burch lived at a residence with the minor victim of offense (BNS), BNS's grandmother (Grandmother), and BNS's sister (Sister). At the time of the offense, BNS was fourteen years old. Burch owned a computer (the computer). Burch allowed BNS to use the computer with permission and BNS set up Burch's Yahoo! email account.

In summer 2011, Burch caught BNS sending partially-nude photographs via text message. Burch told BNS he would tell Grandmother about the partially-nude photographs if BNS did not tell Grandmother. BNS elected to tell Grandmother and Grandmother punished BNS.

Sometime after BNS told Grandmother about the partially-nude photographs, Burch asked BNS to take fully-nude photographs he could sell on the internet. At this time, BNS already took and shared fully-nude photographs with others. BNS sent Burch fully-nude photographs for months and Burch paid BNS various amounts of money for the photographs.

---

[1]The Honorable James E. Gritzner, United States District Court for the Southern District of Iowa.

BNS testified at trial that she eventually decided she no longer wanted to send Burch fully-nude photographs. To support BNS's testimony, the government submitted an email dated October 6, 2011 from BNS's email address to the Yahoo! email account BNS set up for Burch (October 6, 2011 email). The email read: "umm i spent the money u gave me so wen i get money i give it back to u bc i take pics on my own time not wen sum1 tells me sorry n ps stop calling my fone." BNS sent the email before BNS's family learned she took and shared fully-nude photographs. BNS did not disclose the October 6, 2011 email; the police discovered the October 6, 2011 email during a forensic investigation.

In November 2011, Sister discovered BNS took and shared fully-nude photographs. Sister informed Grandmother who confronted BNS. When confronted, BNS explained that Burch asked BNS to take the photographs. Grandmother confronted Burch who denied BNS's allegations. In light of the denial, Grandmother took the computer. In the presence of others, including Burch and Grandmother, BNS showed the group the fully-nude photographs of BNS on the computer. The group also saw nude photographs of other young girls and grown women on the computer. Sister testified Burch admitted to putting the non-BNS photographs on the computer.

After the photographs were discovered on the computer, BNS reported to police that Burch used her to take fully-nude photographs to sell on the internet. At this time, BNS made a written statement to police (written statement). At trial, Burch objected to the admission of the written statement, which the district court sustained. BNS did, however, testify to the content of the written statement. Burch did not object to BNS's testimony regarding the written statement.

Police obtained the computer and conducted a forensic investigation. The government presented extensive testimony at trial regarding the child pornography found during the forensic investigation.

Police interviewed Burch and Burch denied using BNS to take fully-nude photographs to sell on the internet. But Burch admitted to receiving photographs from other people and stated there may be nude photographs of children on the computer. Burch did not inform the police anyone else used his computer.

Police arrested and charged Burch with receipt of child pornography and possession of child pornography. A jury found Burch guilty of possession of child pornography. Burch filed a motion for judgment of acquittal, which the district court denied.

Before sentencing, a probation officer completed a presentence investigation report (PSR). The probation officer used the cross-reference in the U.S. Sentencing Guidelines Manuel (U.S.S.G.) § 2G2.2(c)(1), increasing Burch's base-offense level. Burch objected to the use of the cross-reference in section 2G2.2(c)(1). The sentencing judge applied the cross-reference, but, for reasons not at issue in this appeal, reduced the advisory Guideline range to 235 to 293 months' (approximately 19½ to 24½ years') imprisonment, with a statutory maximum of 120-months' (10-years') imprisonment. The sentencing judge found the Guidelines unhelpful and conducted an analysis under 18 U.S.C. § 3553(a). The district court imposed the statutory maximum sentence of 120-months' (10-years') imprisonment.

## II. DISCUSSION

On appeal, Burch argues that the district court erroneously: (1) denied Burch's objection to the admission of the October 6, 2011 email; (2) permitted BNS to testify about the content of her written statement; (3) denied his motion for judgment of acquittal; (4) applied the cross-reference in U.S.S.G. § 2G2.2(c)(1); and (5) imposed a substantively unreasonable sentence. We affirm.

**A.      Admission of Alleged Inadmissible Hearsay Evidence**

Burch first argues the district court committed reversible error in admitting two pieces of inadmissible hearsay evidence:  the October 6, 2011 email and testimony regarding the content of BNS's written statement.  We review " '[e]videntiary rulings . . . for abuse of discretion,' giving due 'deference to the district judge who saw and heard the evidence.' "  United States v. Two Elk, 536 F.3d 890, 900 (8th Cir. 2008) (quoting United States v. Davidson, 449 F.3d 849, 853 (8th Cir. 2006)).  "An error admitting hearsay testimony 'that does not affect substantial rights must be disregarded.' "  United States v. Tenerelli, 614 F.3d 764, 771 (8th Cir. 2010) (quoting Fed. R. Crim. P. 52(a)).  "An error is harmless if we conclude that 'no substantial rights of the defendant were affected and that the error did not influence or had only a very slight influence on the verdict.' "  United States v. Eagle, 498 F.3d 885, 888 (8th Cir. 2007) (quoting United States v. Wilcox, 50 F.3d 600, 603 (8th Cir. 1995)).

*1. October 6, 2011 Email*

Burch argues the district court abused its discretion in admitting the October 6, 2011 email under Fed. R. Evid. 801(d)(1)(B)(i). Rule 801(d)(1)(B)(i) provides that a statement "is <u>not</u> hearsay" when:

> The declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony and is offered . . . to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying.

(Emphasis added).  In order for a prior consistent statement to be admissible under Rule 801(d)(1)(B)(i), it must be established that the declarant made the prior consistent statement "before the charged recent fabrication or improper influence or motive."  Tome v. United States, 513 U.S. 150, 167, 115 S. Ct. 696, 130 L. Ed. 2d 574 (1995).

-5-

The parties disagree on whether BNS sent the October 6, 2011 email before BNS had a motive to fabricate. Burch contends BNS's motive to fabricate occurred after Burch required BNS to inform Grandmother about the partially-nude photographs.

Burch's argument is unpersuasive. At closing argument, Burch's counsel argued:

> On the day [BNS was caught with fully-nude photographs], [Burch] was out of the loop. This was something that [Sister] found on [BNS's] phone that got this whole thing started. And then [Sister] forwarded it to her phone and that's when everything blew up. And it was at that moment that [BNS] started to cry because, as [Grandma] said, when [BNS] gets caught in a lie, she cries sometimes. That's when Norman Burch became the scapegoat.

(Emphasis added). Thus, Burch argued at trial that BNS's motive for fabrication occurred when Sister caught BNS taking and sending fully-nude photographs. See, e.g., United States v. Bercier, 506 F.3d 625, 629 (8th Cir. 2007) (calculating alleged fabrication based on defense at trial); United States v. Beaulieu, 194 F.3d 918, 920 (8th Cir. 1999) (same).

With the above inconsistency in Burch's assertions, the district court did not abuse its discretion in admitting the October 6, 2011 email as non-hearsay under Rule 801(d)(1)(B)(i).

### 2. BNS's Testimony Regarding BNS's Written Statement

Burch next asserts the district court erred by allowing BNS to testify about the content of BNS's written statement. The government responds that Burch waived his challenge because Burch did not object to the admission of the testimony at trial.

In this case, the government offered, as an exhibit, BNS's written statement. Burch objected to the admission of the written statement, arguing hearsay. The district court sustained the objection. In light of the district court's ruling, the government proceeded to ask BNS, orally, about the written statement. Burch did not object. Therefore, we apply the plain error standard of review. See United States v. Mickelson, 378 F.3d 810, 819 (8th Cir. 2004) (applying plain error standard when a defendant did not object to the statements when they were admitted into evidence).

To establish plain error, Burch must show (1) an error; (2) that was plain; and (3) affected Burch's substantial rights. United States v. Adejumo, 772 F.3d 513, 538 (8th Cir. 2014). No plain error exists because BNS's testimony did not affect Burch's substantial rights. Specifically, the government presented evidence regarding: the child pornography found on the computer; Burch's admission to Sister that Burch put "any photographs on the computer that" did not depict BNS; Burch's admission to police that he received nude photographs of individuals—other than BNS—on the internet; and Burch's failure to "deny that there would be images of child pornography" on his computer. This evidence amply supported Burch's conviction for possession of child pornography—even excluding BNS's testimony about her written statement.

## B.    Motion for Judgment of Acquittal

Burch next asserts the district court erred by denying his motion for judgment of acquittal, arguing insufficient evidence to support the jury's verdict. "We review de novo the denial of a motion for judgment of acquittal." United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010) (quoting United States v. Chase, 451 F.3d 474, 479 (8th Cir. 2006)). On review, we "will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc). "The

elements of possession under 18 U.S.C. § 2252(a)(4)(B) require [Burch] to knowingly possess an item of child pornography, and the item to be transported in interstate or foreign commerce by any means." United States v. White, 506 F.3d 635, 641 (8th Cir. 2007).

Here, viewing the record in the light most favorable to the government, there exists substantial evidence on every element of the crime which supports the jury's verdict. The government presented extensive evidence regarding the existence of child pornography on the computer. The government also presented evidence, in the form of Burch's recorded statement, in which Burch admitted he received and downloaded nude photographs from the internet onto the computer. Burch also did not "deny that there would be images of child pornography." Further, Sister testified that Burch admitted to putting "any photographs on the computer that" did not depict BNS. The district court properly denied Burch's motion for judgment of acquittal.

## C.    Sentence

Burch finally argues the district court erred by imposing a sentence of 120 months' (10 years') imprisonment. In reviewing a sentence, whether inside or outside the Guidelines range, we apply "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008)). We "must first determine whether the district court committed a procedural error by improperly calculating 'the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.' " United States v. Brown, 772 F.3d 1141, 1142 (8th Cir. 2014) (per curiam) (alteration in original) (quoting Feemster, 572 F.3d at 461). An abuse of discretion occurs when a court: (1) "fails to consider a relevant factor that should have received significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "considers only the appropriate factors but in weighing them

commits a clear error of judgment." United States v. Williams, 624 F.3d 889, 899 (8th Cir. 2010) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

### 1. Application of U.S.S.G. § 2G2.1

Burch argues the district court erred in calculating the advisory Guideline range by applying the cross-reference in U.S.S.G. § 2G2.2(c)(1). Specifically, Burch argues the inapplicability of the cross-reference in section 2G2.2(c)(1)—which calls for the application of U.S.S.G. § 2G2.1—because "the evidence did not support that . . . Burch was involved in the 'active solicitation' of child pornography."

U.S.S.G. § 2G2.2(c)(1) provides:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply § 2G2.1 . . . if the resulting offense level is greater than that determined above.

The cross reference "is to be construed broadly." U.S.S.G. § 2G2.2(c)(1) cmt. n.5.

Here, the sentencing judge provided the following detailed reasons for application of the section 2G2.2(c)(1) cross reference:

> [I]n looking at the evidence . . . and making a decision which I must base[] upon a preponderance of the evidence, I have testimony, albeit subject to some criticism, that the email account was set up at the request of and at the direction of [Burch]. I have [Burch's] denial about that; but I have the email in which [BNS] expresses her desire to cease providing the images, and that email becomes a significant item of evidence given when the email was sent and the contents of that email because it all does become consistent unless one tries to speculate that [BNS] was in some way trying to create an elaborate deception. . . .

-9-

Taken with the remainder of the record and what is actually found on [Burch's] computer and the information I have in the record about the handling and use of that computer, it seems to me it does adequately support the application of [the cross reference in section 2G2.2(c)(1)].

Nothing in the record contradicts the sentencing judge's findings or shows an abuse of discretion in the application of the cross reference. See United States v. Jones, 160 F.3d 473, 480 (8th Cir. 1998) (noting we leave credibility findings to the discretion of the sentencing judge).

### 2. Substantive Reasonableness of Burch's Sentence

Finally, Burch argues the district court imposed a substantively unreasonable sentence. But, contrary to Burch's assertions, the sentencing judge applied the 18 U.S.C. § 3553(a) factors and set forth a reasoned basis for imposing a 120-month term of imprisonment. The sentencing judge "adequately explain[ed]" Burch's sentence, explicitly analyzing most of the section 3553(a) factors. Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Further, even though Burch received the statutory maximum, the sentencing judge imposed a sentence well below the advisory Guideline range. United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006) ("[W]hen the bottom of the guidelines range is above the statutory maximum, the statutory maximum sentence is presumed reasonable."). We, therefore, hold the district court's sentence is not substantively unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

_____