# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3241

_____

United States of America

*Plaintiff - Appellee*

v.

Dominic Terrell Donahue

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2020
Filed: May 14, 2020

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

The district court[1] sentenced Dominic Terrell Donahue to 68 months of imprisonment after he pled guilty to illegally possessing a gun. *See* 18 U.S.C.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

§§ 922(g)(1), 924(a)(2).  Donahue challenges the substantive reasonableness of his sentence on appeal.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  A sentencing court abuses its discretion "when it . . . 'fails to consider a relevant factor that should have received significant weight' . . . [or] 'gives significant weight to an improper or irrelevant factor.'"  *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009), *vacated*, 562 U.S. 1267 (2011)).  In our review, we "take into account the totality of the circumstances, including the extent of any variance" from the range recommended by the United States Sentencing Guidelines Manual ("Guidelines"). *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  But "it will be the unusual case when we reverse a district court sentence — whether within, above, or below the applicable Guidelines range — as substantively unreasonable."  *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

According to Donahue, the 46-to-57-month sentence recommended by the Guidelines took into account all the relevant sentencing factors.  By varying upward from the recommended sentence, Donahue contends, the district court improperly weighed factors already baked into the Guidelines recommendation.  *See United States v. Martinez*, 821 F.3d 984, 989–90 (8th Cir. 2016) ("[S]ubstantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity.") (quoting *United States v. Solis-Bermudez*, 501 F.3d 882, 885 (8th Cir. 2007)).  Moreover, Donahue claims the district court failed to account for his young age when he committed his previous offenses, his substance abuse problem, and that he has never yet served a lengthy prison sentence.  All this, Donahue maintains, amounts to a sentence "greater than necessary."  *See* 18 U.S.C. § 3553(a) (requiring courts to "impose a sentence sufficient, but not greater than necessary," to satisfy the goals of sentencing).

We disagree. A district court is not prohibited "from determining that the weight the Guidelines assigned to a particular factor was insufficient." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018). It simply must take care when doing so. *Id.* In Donahue's case, the district court recognized the recommended sentence took into account Donahue's past crimes. But the district court noted that Donahue's history, along with his present felon-in-possession conviction, showed a persistent disrespect for the law. According to the Presentence Investigation Report, Donahue had previously lied to police, fled from police, assaulted a police officer while resisting arrest, and committed other crimes while on probation. In the present federal case, Donahue disobeyed police officers and committed the crime while on probation for three other convictions. In these circumstances, it is not unreasonable for a sentencing court to vary upward according to the proper sentencing factors. *See* 18 U.S.C. § 3553(a)(1) and (2) (listing as sentencing factors, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to promote respect for the law" and "afford adequate deterrence").

The district court did not ignore the so-called "mitigating" factors Donahue mentions in his brief. While district courts are required to consider a defendant's age at sentencing, a defendant's age ordinarily does not mitigate against longer sentences. *United States v. Wilder*, 597 F.3d 936, 946–47 (8th Cir. 2010). Donahue's age — at least twenty-one during all considered offenses — indicates nothing extraordinary. Additionally, the district court specifically acknowledged Donahue's substance-abuse problem; in fact, it recommended Donahue participate in a substance-abuse program, so that he could better combat his addiction while in prison. Finally, Donahue's past avoidance of lengthy prison sentences does not necessarily mitigate against the district court's judgment that a 68-month sentence is required to deter future crimes, promote respect for the law, or effectuate the other sentencing goals.

"[S]entencing courts . . . have wide discretion to weigh the § 3553(a) factors." *Wilder*, 597 F.3d at 946. The fact that the district court did not weigh the factors as Donahue may have wished does not justify reversal. *See United States v. Holdsworth*, 830 F.3d 779, 786 (8th Cir. 2016). There was no abuse of discretion, and we affirm the sentence.

_____