# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2481

_____

United States of America

*Plaintiff - Appellee*

v.

Rasheik Amond Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 13, 2019
Filed: July 7, 2020

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Rasheik Amond Harris was convicted of possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 851, and possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1) & 924(a)(2). He appeals, claiming the

district court[1] erred by denying him a pretrial hearing on evidentiary issues, admitting hearsay at trial, and failing to instruct the jury properly for his felon in possession charge. He also challenges his sentence. We affirm.

## I.

On March 9, 2017, a police officer saw Harris driving in Sikeston, Missouri. The officer recognized the car and remembered citing Harris two months earlier for driving with a suspended license. He followed the car until Harris pulled into a driveway, and then approached on foot. The officer asked Harris whether he had a valid license and Harris admitted he did not. Several other officers, including Detective Mario Whitney, arrived on the scene and arrested Harris.

When Harris exited the car, the officers spotted a handgun in the side pocket of the driver's door and seized it. The police learned that the vehicle was registered to one of the passengers, Harris's girlfriend, Brenna Jo Smith. Smith consented to a search of the car and officers discovered more than 90 grams of methamphetamine, a small quantity of heroin and fentanyl, digital scales, and cash. At the scene, Smith denied knowing anything about the gun. At the station she changed her story and claimed it was hers.

Harris was charged with possession with intent to distribute and possessing a firearm as a felon. The district court appointed Assistant Federal Public Defender Michael Skrien as his lawyer. Skrien represented Harris at a hearing on his motion to suppress evidence and argued that officers violated Harris's Fourth Amendment rights when they stopped and searched the car. At the end of the hearing, Harris spoke up and claimed that the evidence the Government was using in its case against him was not the same evidence found in the car when he was arrested.

---

[1] The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

After the hearing, Harris filed a pair of *pro se* motions raising this argument as well as new arguments (*e.g.*, that he had a Sixth Amendment right to cross examine an officer who had not participated in the suppression hearing). He also claimed that his relationship with Skrien had broken down over a disagreement about trial strategy.

The magistrate judge held a hearing to assess the state of Harris and Skrien's relationship and found a complete breakdown requiring the appointment of new counsel. Skrien withdrew and the court appointed Preston Humphrey, Jr. to represent Harris. Humphrey reviewed the motions Skrien filed and adopted the motion to suppress that was the subject of the earlier hearing. He also adopted Harris's *pro se* motions. The magistrate ordered that the motions would be resolved without an additional hearing and ultimately denied all pending motions.

The jury found Harris guilty on both counts. At sentencing, the district court took notice of Harris's extensive criminal history, which included several prior felony convictions and a state court conviction for unlawful possession of a firearm by a felon. Based on this criminal history, the district court calculated Harris's Guidelines range at 120-150 months. The mandatory minimum sentence was 120 months. Noting that "Mr. Harris is somebody from whom society needs protection," the district court explained that it was inclined to give a sentence above 150 months but chose to "abide by the guidelines." The court sentenced Harris to 150 months in prison on the drug conviction and 120 months in prison on the felon in possession conviction, to run concurrently, followed by eight years of supervised release.

II.

Harris argues that the district court erred when it did not hold a new hearing to reconsider his pretrial motions after new counsel was appointed. In his view, the decision to consider the motion to suppress and his other *pro se* motions without a new hearing violated his right to counsel at a "critical stage" of his prosecution.

"The Sixth Amendment protects a defendant's right to counsel at all critical stages in the criminal justice process." *Fiorito v. United States*, 821 F.3d 999, 1003 (8th Cir. 2016) (citation omitted). Ordinarily we review such a claim *de novo*, but Harris concedes that he did not raise this issue below and our review is for plain error. *United States v. Picardi*, 739 F.3d 1118, 1122 (8th Cir. 2014).

Harris had qualified counsel for his pretrial motions. The magistrate judge did not find that the relationship between Harris and Skrien had broken down until almost three months after the hearing on his motion to suppress. And after he replaced Skrien, Harris's new counsel adopted his existing motion to suppress and did not request a new hearing. Harris's claim that he was uncounseled for his motion to suppress must necessarily include the claim that his second attorney's failure to request a new hearing was deficient. We do not ordinarily consider such claims on direct review, preferring to develop the record in post-conviction proceedings under 28 U.S.C. § 2255. *United States v. Long*, 721 F.3d 920, 926 (8th Cir. 2013). This ineffective assistance of counsel claim requires Harris to develop facts outside of the record before us and so we decline to review it. *Id.* at 926–27.[2]

### III.

Next, Harris argues that the district court erred in admitting hearsay testimony about the ownership of the gun. We review evidentiary rulings for an abuse of

---

[2] Harris makes a related claim that, as a result of denying him a second hearing, the district court violated his Sixth Amendment confrontation right and must have denied his motion to dismiss (on what was essentially a chain-of-custody argument) based on hearsay in the Government's brief asserting that all of the items seized from Harris were currently in the Government's possession. This misstates the record. The district court left Harris free to challenge the chain of custody of the evidence at his trial but denied his motion to dismiss because the alleged evidentiary infirmities were insufficient—even if true—to dismiss the indictment. Harris does not challenge that ruling.

discretion, but our review is *de novo* when evidentiary issues implicate a constitutional right. *United States v. West*, 829 F.3d 1013, 1017 (8th Cir. 2016). The admission of hearsay testimony is harmless if "the error did not influence or had only a very slight influence on the verdict." *United States v. Lomas*, 826 F.3d 1097, 1105 (8th Cir. 2016) (quoting *United States v. Burch*, 809 F.3d 1041, 1045 (8th Cir. 2016)).

On redirect examination, over a hearsay objection from Harris's counsel, Detective Whitney testified that Smith told police officers at the scene that she did not know about the gun in the pocket of the driver's side door and that she had changed her story and claimed possession only later. Harris argues that this statement should have been excluded.

The testimony at issue was not the first time possession of the gun was discussed at trial. Earlier on direct examination, Detective Benjamin Quick was asked whether Smith "appear[ed] surprised that there was a gun found in the vehicle" and replied "Yes. . . . She advised she did not know that there was a gun in the vehicle, and she also told me there was nothing else illegal in the vehicle that she had knowledge of." Harris's counsel did not object to this testimony and then, during Detective Whitney's cross examination, asked whether it was "true that Ms. Smith claimed ownership of the gun" at the police headquarters. It was on redirect from this question that the Government elicited Detective Whitney's statement that "[i]nitially [] she didn't know about a gun."

"It is fundamental that where the defendant 'opened the door' and 'invited error' there can be no reversible error." *Id.* (quoting *United States v. Beason*, 220 F.3d 964, 968 (8th Cir. 2000)). Harris does not claim error based on the initial mention of Smith's statements in Detective Quick's testimony, presumably because he recognizes that objection was not preserved. By the time Detective Whitney made the statement that Harris now claims was error, both parties had already elicited testimony about Smith's comments at the scene and Detective Whitney's testimony

only served to clarify an issue discussed on cross-examination by the defense. *See United States v. Noe*, 411 F.3d 878, 886 (8th Cir. 2005) (no error where the Government's questioning on redirect clarified an issue raised by defense).

Harris argues that the invited error doctrine should not apply because the admission of the statements violated not just the rules of evidence but also the Sixth Amendment's confrontation clause. We do not agree that, just because an evidentiary ruling has an alleged constitutional dimension, the prohibition on a defendant leading the district court to err and then raising that error as a ground for reversal should not apply. *See*, *e.g.*, *United States v. Bolton*, 908 F.3d 75, 92 (5th Cir. 2018).

IV.

"Until recently, possession of a firearm by a convicted felon required the Government to prove three elements: '(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce.'" *United States v. Parsons*, 946 F.3d 1011, 1014 (8th Cir. 2020) (quoting *United States v. Montgomery*, 701 F.3d 1218, 1221 (8th Cir. 2012)). However, the Supreme Court recently added an additional element, requiring that the government prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019).

The district court instructed the jury that there were only three elements, omitting the knowledge element from *Rehaif*. Harris argues that this was reversible error. Because he did not object to the instruction before the district court, we review for plain error. *United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019). Under that standard, the defendant must show an error that was obvious, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

It was error for the district court not to instruct the jury on the element identified in *Rehaif. Id.* And although *Rehaif* had not been decided at the time that the district court instructed the jury, "it is enough that the error be 'plain' at the time of appellate consideration." *United States v. Fast Horse*, 747 F.3d 1040, 1042 (8th Cir. 2014); *see Griffith v. Kentucky*, 479 U.S. 314, 322 (1987) (newly declared constitutional rules apply immediately to criminal cases pending on direct review).

Harris has not shown that the error affected his substantial rights. To satisfy that requirement, a jury instruction error must have been prejudicial. *United States v. Rush-Richardson*, 574 F.3d 906, 911 (8th Cir. 2009). As in *Hollingshed*, the record shows that Harris knew he was a convicted felon prohibited from owning a firearm. Harris had not one but several prior felony convictions that prevented him from legally owning a firearm, including one for unlawful possession of a firearm. What's more, he told the arresting officer that he was a convicted felon. Given these facts, Harris cannot show a reasonable probability that the result would have been different if the jury had been required to find he knew he was a convicted felon. *See United States v. Warren*, 951 F.3d 946, 951 (8th Cir. 2019).

V.

Harris next argues that the district court committed procedural error when it sentenced him at the top of his Guidelines range of 120 to 150 months because it did not state a "reason for imposing a sentence at [that] particular point within the range." 18 U.S.C. § 3553(c)(1). He also argues the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors.

In reviewing sentences, we first assess whether the district court committed significant procedural error. *United States v. William*, 624 F.3d 889, 896 (8th Cir. 2010). Harris did not object to the alleged procedural errors before the district court so we review only for plain error, *United States v. Luedtke*, 771 F.3d 453, 455 (8th

-7-

Cir. 2014),[3] and we find none.  The district court *did* explain its decision to give Harris a sentence at the top of his range.  It considered Harris dangerous and recognized that his criminal history—which included several drug and weapon charges—was extensive.  In fact, the court suggested an even longer sentence would be appropriate but chose to sentence him within the Guidelines range.  That it did not reiterate each of these considerations later when it handed down the sentence does not require reversal.  *United States v. Bistrup*, 449 F.3d 873, 883–84 (8th Cir. 2006).  The same is true of the district court's failure to specifically mention some of the § 3553(a) factors.  The district court does not need to "provide a mechanical recitation of all the §3553(a) factors, but rather to show clearly that it considered those factors in determining the sentence."  *United States v. Zayas*, 758 F.3d 986, 990 (8th Cir. 2014).

Finally, Harris argues that his sentence was substantively unreasonable because the district court placed too much weight on his criminal history and allegedly gave no weight to the other § 3553(a) factors. We review this claim for an abuse of discretion.  *United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018).  A sentence within the Guidelines range is presumptively reasonable.  *United States v. Pappas*, 715 F.3d 225, 230 (8th Cir. 2013).

The district court did not abuse its discretion.  As discussed above, the record reflects that the district court considered all of the § 3553(a) factors.  It was well

---

[3] Harris argues that the plain error standard should not apply to his claim that the district court failed to consider the § 3553(a) factors and argues in reply that, when decided, *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), may direct us to apply a higher standard.  *Holguin-Hernandez* was decided on February 26 and we have not received a letter pursuant to Federal Rule of Appellate Procedure 28(j) informing us whether or not Harris still believes that case requires more stringent review.  We need not decide the issue ourselves, because the district court made no error, plain or otherwise.

within its discretion to place greater weight on Harris's criminal history than on other factors. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

Harris's conviction and sentence are affirmed.

_____