# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1197

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jesus Ramon Zaragoza

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: December 14, 2020
Filed: January 13, 2021
[Unpublished]

——————————

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Jesus Ramon Zaragoza pleaded guilty to one count of conspiracy to distribute at least 500 grams of a mixture or substance containing methamphetamine. *See generally* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); 846. Zaragoza had a total offense level of 33, a criminal-history category of II, and a resulting advisory sentencing

guidelines range of 151 to 188 months' imprisonment. The district court[1] sentenced him to 151 months' imprisonment. Zaragoza appeals, challenging the substantive reasonableness of his sentence. We affirm.

Zaragoza claims that the district court imposed a substantively unreasonable sentence that was greater than necessary and greater than the sentences of his codefendants, causing unwarranted sentencing disparity. When imposing a sentence, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). Section 3553(a)(2) instructs the court to consider the seriousness of the offense; promotion of respect for the law; just punishment for the offense; deterrence to criminal conduct; protection of the public; and the most effective provision of needed training, medical care, or other correctional treatment to the defendant.

Zaragoza's challenge that his sentence is greater than necessary is a challenge to the substantive reasonableness of the sentence. *See Holguin-Hernandez v. United States*, 589 U.S. ---, 140 S. Ct. 762, 766-67 (2020) (holding that arguing that a sentence is "greater than necessary" is a challenge to the substantive reasonableness of the sentence). "[T]he substantive reasonableness of [a] sentence imposed [is reviewed] under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When conducting this review," we "take into account the totality of the circumstances . . . ." *Id*. "Sentencing courts have wide discretion to weigh the § 3553(a) factors." *United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020) (internal brackets and ellipses omitted). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam). "A

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentence within the Guidelines range is presumptively reasonable." *United States v. Harris*, 964 F.3d 718, 725 (8th Cir. 2020).

Zaragoza argues that his sentence was greater than necessary because the Presentence Investigation Report stated that he had no control over others in the conspiracy and because at sentencing the Government conceded that Zaragoza was the least culpable of the conspirators. He also argues that his sentence was greater than necessary because his coconspirators were sentenced to fewer months' imprisonment than he was.

Here, Zaragoza was sentenced to 151 months' imprisonment, the bottom end of his guidelines range of 151 to 188 months' imprisonment, making his sentence presumptively reasonable. *Id*. During sentencing, the court noted that in fashioning Zaragoza's sentence it had considered each of the § 3553(a) factors, mentioned many of them expressly, and emphasized the "staggering amount of methamphetamine" involved. The district court had wide discretion to fashion an appropriate sentence for Zaragoza, and it did not abuse this discretion in weighing the § 3553(a) factors and giving him a sentence at the bottom end of his guidelines range. *See Donahue*, 959 F.3d at 867. This is true even in light of the mitigating factors identified by Zaragoza; namely, that he was the least culpable of the codefendants and had no control over others in the conspiracy.

The sentencing disparity between Zaragoza and his two codefendants was not unwarranted because Zaragoza was not similarly situated to his codefendants. *See United States v. Plaza*, 471 F.3d 876, 880 (8th Cir. 2006) ("[When codefendants] are not similarly situated, . . . the district court does not need to sentence the[m] . . . to the same length of imprisonment to avoid an unwarranted sentencing disparity."). One of his codefendants cooperated with the government and received a lower sentence. "A defendant's cooperation with the government is a legitimate basis for sentencing disparity." *United States v. Chaika*, 695 F.3d 741, 746 (8th Cir. 2012). The other codefendant had the same criminal-history category as Zaragoza but, unlike Zaragoza, successfully argued that his criminal-history score was overstated

and therefore received a lower sentence.  A "district court is not obligated to ensure parity among co-defendants with different criminal histories."  *United States v. Anderson*, 158 F. App'x 750, 751 (8th Cir. 2005) (per curiam).  Therefore, Zaragoza was not similarly situated to either of his codefendants, and the district court did not abuse its discretion by sentencing him to a longer term of imprisonment.

Because the district court did not abuse its discretion in sentencing Zaragoza to the bottom end of his guidelines range, we affirm.

_____