# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1277
_____

United States of America

*Plaintiff - Appellee*

v.

Jack Eugene Knight

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2020
Filed: February 16, 2021
[Unpublished]

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jack Knight argues that the district court[1] erred in admitting criminal-history evidence during his trial, which ended with his conviction for possession and receipt

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

of child-pornography. Knight further argues that he received a substantively unreasonable sentence. We disagree on both counts and affirm the district court.

A jury convicted Knight on two counts of possessing and two counts of receiving child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b)(1), (b)(2). At trial, the district court denied Knight's motion to exclude evidence of his two prior convictions for child molestation. At sentencing, the district court calculated Knight's offense level as 42 and his criminal history category as II. Knight's adjusted United States Sentencing Guidelines Manual ("Guidelines") range was 324 to 405 months of imprisonment. The district court imposed concurrent 200-month terms on one possession count and both receipt counts, and a consecutive 200-month term on the second possession count. In total, the district court sentenced Knight to 400 months of imprisonment.

Knight first argues that the district court erred in admitting evidence of his prior convictions because their probative value was substantially outweighed by unfair prejudice. We review a trial court's evidentiary rulings for abuse of discretion. *United States v. DeFoggi*, 839 F.3d 701, 708 (8th Cir. 2016). Knight's prior child-molestation convictions were highly relevant to the child pornography charges at issue here and are expressly admissible under the rules of evidence. Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). As defined by Rule 414(d), child molestation includes any child-pornography-related conduct prohibited by 18 U.S.C. chapter 110. *See* Fed. R. Evid. 414(d)(2)(B). Here, Knight's past convictions showed his sexual interest in children as well as his motive, intent, and knowledge in receiving and possessing child pornography. *See United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) ("[E]vidence that [the defendant] sexually abused [two girls] is probative of [his] interest in underage girls . . . . In this way, [the defendant]'s prior conduct shows he has a propensity for exploiting young girls and connects him to the pornographic images found on his hard drive."). And any prejudice those

convictions created was not "unfair" within the meaning of Rule 403. *See United States v. Splettstoeszer*, 956 F.3d 545, 548 (8th Cir. 2020); *United States v. Furman*, 867 F.3d 981, 988 (8th Cir. 2017).

Knight next argues that he received a substantively unreasonable sentence. We review the reasonableness of a sentence for abuse of discretion and presume a sentence within the Guidelines range is reasonable. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *United States v. Harris*, 964 F.3d 718, 725 (8th Cir. 2020). And while a sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight or gives significant weight to an improper or irrelevant factor, "[s]entencing courts . . . have wide discretion to weigh the [18 U.S.C.] § 3553(a) factors." *United States v. Donahue*, 959 F.3d 864, 866–67 (8th Cir. 2020) (quoting *United States v. Wilder*, 597 F.3d 936, 946 (8th Cir. 2010)). Here, we presume Knight's sentence was reasonable because it was within the applicable Guidelines range. The district court also noted that it considered the relevant § 3553(a) factors in sentencing Knight, including his age and his criminal history. Nothing suggests that this is one of those "rare case[s]" where our presumption—that within-the-range sentences are reasonable—is overcome. *United States v. Bolden*, 596 F.3d 976, 985 (8th Cir. 2010) (quoting *United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006)).

For the foregoing reasons, we affirm.

_____