United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2463
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: May 10, 2021
Filed: July 6, 2021
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Robert Taylor's probation officer reported that he violated several terms of his supervised release. The district court[1] revoked his release and sentenced him to 24 months in prison. Taylor argues that the sentence was substantively unreasonable because the district court did not properly consider his struggles with drug addiction. We affirm.

Taylor was originally convicted of burglary and sentenced to time served followed by three years of supervised release. He violated that release and was sent back to prison for six months. After the six months, he was again released under supervision. His probation officer then reported five new violations, including failing to appear for drug testing and using methamphetamine. Taylor stipulated to all of the violations and his second supervised release was revoked. The court assessed his criminal history as Category V, yielding a Guidelines range of 18 to 24 months, and sentenced him to 24 months in prison. Taylor appeals, arguing that the sentence is substantively unreasonable because the district court did not give enough weight to his struggles with drug addiction. He does not argue that there was procedural error, so we address only the substantive unreasonableness question. See Gall v. United States, 552 U.S. 38, 51 (2007).

We review sentencing decisions that revoke a supervised release for abuse of discretion. United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014). We take "into account the totality of the circumstances." Gall, 552 U.S. at 51. A sentence that is within the Guidelines range is presumed reasonable. United States v. Harris, 964 F.3d 718, 725 (8th Cir. 2020).

The district court did not abuse its discretion in imposing Taylor's sentence. The court stated: "I've considered . . . the Sentencing Guidelines, the 18, U.S. Code,

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

3553(a) sentencing factors. I've considered the entire file in this matter. I've considered your statement." D. Ct. Dkt. 97 at 28. The district court also mentioned Taylor's past violations of supervised release and his "failure to invest in [drug addiction] treatment . . . ." Id. Based on the court's thorough review of the matter, and under the totality of the circumstances presented, we conclude that the sentence was not substantively unreasonable.

The judgment of the district court is affirmed.

_____