# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1541
_____

United States of America

*Plaintiff - Appellee*

v.

Brent Presley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: January 11, 2022
Filed: February 22, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Investigating illegal harvesting of black walnut trees in the Ozark-St. Francis National Forest, law enforcement stopped a pickup truck driven by Anthony Hughes. A consensual search uncovered logging equipment and a loaded 12-gauge shotgun. Hughes admitted to illegally cutting and selling black walnut trees, named Brent Presley as an accomplice, and identified Presley's truck parked nearby. Law

enforcement found logging equipment in the truck bed and black walnut logs in a nearby trailer. Presley came out of the woods and turned himself in. Officers learned he was a convicted felon currently on parole. Presley admitted to illegal logging. He claimed ownership of the shotgun found in Hughes's truck, did not know the gun was stolen, but said his $100 purchase price "seemed like a good deal."

Indicted for stealing United States property and being a felon in possession of a firearm, Presley pleaded guilty to the latter charge. See 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Presentence Investigation Report detailed an extensive criminal history, including multiple felony drug convictions and numerous parole revocations and absconding incidents, and a history of substance abuse, including daily marijuana and methamphetamine use since Presley was thirteen years old. At sentencing, the district court[1] determined an advisory guidelines sentencing range of 92 to 115 months' imprisonment, based on a total offense level of 23 and criminal history category VI. After stating that it had considered the relevant § 3553(a) sentencing factors and noting Presley's long methamphetamine addiction, the court imposed a 115-month prison sentence. Focusing on Presley's extensive criminal history and multiple parole revocations and abscondings, the court explained that "the nature and the circumstances of the offense and . . . his history and characteristics show serious violations of the law that have not been corrected." The court also ordered restitution of $5,939.50 for the stolen trees. Presley appeals, arguing the court imposed a substantively unreasonable sentence. We affirm.

"We review the reasonableness of a sentence under a highly deferential abuse-of-discretion standard." United States v. Abrica-Sanchez, 808 F.3d 330, 334 (8th Cir. 2015). "A sentence within the Guidelines range is presumptively

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

reasonable." United States v. Harris, 964 F.3d 718, 725 (8th Cir. 2020), cert. denied, 141 S. Ct. 2530 (2021).

On appeal, Presley argues the district court failed to properly view his criminal history as evidence of a long-term methamphetamine addiction, which should be a mitigating factor. However, "the district court was under no obligation to treat substance abuse as a mitigating factor." United States v. Henry, 770 F. App'x 309, 311 (8th Cir. 2019). Presley further asserts that a sentence just five months less than the statutory maximum under § 924(a)(2) is substantively unreasonable because the non-violent conduct places his offense on the "less serious end of the spectrum" for felon-in-possession crimes. But in exchange for his guilty plea, the government dismissed the charge of stealing property from the United States, and the black walnut thieves carried a loaded stolen shotgun with them when trespassing in the National Forest. Considering the total circumstances along with Presley's extensive criminal history, the district court did not abuse its discretion in weighing aggravating factors.

Given the district court's "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others," we conclude the district court did not abuse its discretion by imposing a substantively unreasonable sentence. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____