# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-1314

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Bennett

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: September 19, 2022
Filed: November 7, 2022
[Unpublished]

——————————

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Robert Bennett pled guilty to knowingly violating 18 U.S.C. § 2250(a)(3) for failing to register as a sex offender. The district court[1] sentenced him to 15 months in prison. He appeals, asserting that the sentence was substantively unreasonable

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

for failing to consider relevant mitigating factors. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Due to a New Jersey conviction, Bennett was subject to the registration requirements of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. He absconded from parole to live with his son in Kennett, Missouri. Bennett lived there for over a year, never registering as a sex offender under SORNA. Bennett pled guilty to knowingly violating 18 U.S.C. § 2250(a)(3) for failing to register as a sex offender. The district court adopted a Guidelines range of 15-21 months and imposed a sentence of 15 months in prison. Bennett appeals, arguing that the sentence was substantively unreasonable because the district court failed to consider relevant mitigating factors.

This court reviews "the substantive reasonableness of a sentence under a deferential abuse of discretion standard." *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011), *citing Gall v. United States*, 552 U.S. 38, 51 (2007). But if a defendant asserts specific claims that were not raised with the district court at sentencing, this court reviews for plain error. *See United States v. Saddler*, 538 F.3d 879, 891 (8th Cir. 2008); *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

Bennett argues that his 15-month sentence for failure to register under SORNA is substantively unreasonable because the district court failed to consider relevant mitigating factors, including his history of childhood abuse, exposure to violence, lack of parental support, intellectual disability, and congestive heart failure. Bennett did not raise these issues with the district court. *Cf. United States v. Krzyzaniak*, 702 F.3d 1082, 1085 n.3 (8th Cir. 2013) ("Failure to make a timely objection that gives the district court an opportunity to correct any deficiency should waive, not merely forfeit, the issue.").

The 15-month sentence was the bottom of the Guidelines range of 15-21 months. "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 51. The district court received the presentence investigation report, which detailed facts about each mitigating factor that Bennett presents on appeal. The district court "read very closely" Bennett's sentencing memorandum, which did not mention any of the mitigating factors presented on appeal (nor were they mentioned at sentencing).

The district court announced the 15-month sentence after referencing "the provisions of Title 18, United States Code, § 3553(a) and all the factors thereunder." "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356-57 (2007). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Stone*, 873 F.3d 648, 650 (8th Cir. 2017). "The district court may give some factors less weight than a defendant prefers or more to other factors, but that alone does not justify reversal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010).

The district court made no error. *See United States v. Harris*, 964 F.3d 718, 724 n.3 (8th Cir. 2020) (not reaching the effect of *Holguin-Hernandez* on the standard of review of alleged procedural errors that defendant failed to object to in district court because the "district court made no error, plain or otherwise"). *See generally Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (finding abuse-of-discretion review appropriate where defendant advocated for a shorter sentence). *Cf. id.* (Alito, J., concurring) ("[W]e do not decide what is sufficient to preserve any 'particular' substantive-reasonableness argument . . . we do not suggest that a generalized argument in favor of less imprisonment will insulate *all* arguments regarding the length of a sentence from plain error review.").

The sentence was substantively reasonable.

* * * * * * *

The judgment is affirmed.

_____